DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **VERIFIED COMPLAINT FOR** |
| | ) | **FORFEITURE** |
| v. | ) | |
| | ) | |
| THREE PIECES OF REAL | ) | |
| PROPERTY LOCATED AT | ) | |
| 1301 MULDOON ROAD, | ) | |
| ANCHORAGE, ALASKA 99504, | ) | |
| 1625 E. 64th AVENUE, | ) | |
| ANCHORAGE, ALASKA 99507, AND | ) | |
| NHN HILLCREST S/D 8 LOTS, | ) | |
| ANCHORAGE, ALASKA 99515, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff United States of America, by and through counsel, and respectfully states as follows:

I.

This is a civil action <u>in rem</u> brought to enforce the provisions of 21 U.S.C. § 881(a)(7), 18 U.S.C. 981(a)(1)(C), and 18 U.S.C. § 985, for the forfeiture of three parcels of real property, described below, which: (A) constitute property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, <u>et seq.</u>, and are therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(7); and (B) constitute or are derived from proceeds traceable to a violation of 18 U.S.C. § 1956(a)(1)(B)(i), which is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7), and are therefore subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

The three parcels of property subject to forfeiture (hereinafter "Defendant Property") are described as follows:

1. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1301 MULDOON ROAD, Anchorage, Alaska 99504, more particularly described as Tract B, Muldoon Estates, according to the official plat thereof, filed under Plat Number 71-113, Records of the Anchorage Recording District, Third Judicial District, State of Alaska;

2. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1625 E. 64TH AVENUE, Anchorage, Alaska 99507, more particularly described as Lot Thirty-Eight (38), Dowling Subdivision, according to the official plat thereof, filed under Plat No. P-250-B, in the Records of the Anchorage Recording District, Third Judicial District, State of Alaska; and

3. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, commonly known as NHN HILLCREST S/D 8 LOTS, Anchorage, Alaska 99515, more particularly described as:

Parcel Number 1:
Lots One (1) and Two (2), Block One (1), of Hillcrest Subdivision, according to Plat 70-136, filed in the Anchorage Recording District, Third Judicial District, State of Alaska; and

Parcel Number 2:
Lots One (1), Two (2), Three (3), Four (4), Five (5) and Six (6), Block Five (5), of Hillcrest Subdivision, according to Plat 71-118, filed in the Anchorage Recording District, Third Judicial District, State of Alaska.

II.

This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881(a)(7), 18 U.S.C. 981(a)(1)(C), and 18 U.S.C. § 985.

III.

The record owners of the Defendant property located at 1301 MULDOON ROAD, Anchorage, Alaska 99504 are Joe Bryant and Thomas Michael Cody, IV, as tenants in common.

IV.

The record owners of the Defendant property located at 1625 E. 64TH AVENUE, Anchorage, Alaska 99507 are Joe W. Bryant and Tom Cody, IV.

V.

The record owners of the Defendant property commonly known as NHN HILLCREST S/D 8 LOTS, Anchorage, Alaska 99515 are Joe W. Bryant and Tom Cody.

VI.

The Defendant Property has not been seized, but all three pieces of real property are located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the Defendant Property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1), do the following:

A. Post notice of this action and a copy of this Complaint on the Defendant Property;

B. Serve notice of this action on the Defendant Property owners, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Complaint;

C. Execute a writ of entry for purposes of conducting an inspection and inventory of the Defendant Property; and

D. File a lis pendens in the Anchorage Recording Office for the Defendant Property, stating the status of both properties as defendants in this in rem action.

The United States will also, as provided in 19 U.S.C. § 1606, appraise the Defendant Property when it executes the Writ of Entry.

VII.

Probable cause to believe that the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7) and 18 U.S.C. § 981(a)(1)(C), as set forth in the Affidavit of IRS Special Agent Lawrence Calderone (FILED UNDER SEAL), which is incorporated herein.

WHEREFORE, the Plaintiff respectfully asserts that there is probable cause to believe that the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(7) and 18 U.S.C. § 981(a)(1)(C); and requests:

1. That, pursuant to 18 U.S.C. § 985(b)(2), and 18 U.S.C. § 983(j), which permits the Court to "take any action to . . . preserve the availability of the property subject to civil forfeiture", the Court issue the proposed Writ of Entry attached to this Complaint authorizing the United States Department of the Treasury, or its contractor, EG&G, to enter the Defendant Property, including any structures, on one or more occasions during the pendency of this in rem forfeiture action:

   A. for the purpose of conducting an inspection and inventory and appraisal of the Defendant Property, which inspection and inventory and appraisal may include still and video photography;

   B. to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the Defendant Property pursuant to 19 U.S.C. §1606;

   C. to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the Defendant Property; and

   D. to be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry;

2.    That the Court decree that the forfeiture of the Defendant Property to the United States under 21 U.S.C. § 881(a)(7) and 18 U.S.C. § 981(a)(1)(C) is confirmed, enforced, and ordered;

3.    That the Court thereafter order that the United States Marshal, or his delegate, dispose of the Defendant Property as provided by law; and

4.    That the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

### VII.

The Defendant Property constitutes real property which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq., and is therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(7), and constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1956(a)(1)(B)(i), which is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7), and is therefore subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, Plaintiff United States of America prays that:

1.    A Warrant In Rem issue for the arrest of the above-described Defendant Property;

2.    That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3.  That judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and

4.  That the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED this 18th day of May, 2006 in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

_____
FRANK V. RUSSO
Assistant U.S. Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov

## VERIFICATION

I have read the contents of the foregoing Complaint for Forfeiture, and the supporting Affidavit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 18th day of May, 2006 in Anchorage, Alaska.

_____
LAWRENCE CALDERONE
Special Agent, Internal Revenue Service

SUBSCRIBED AND SWORN to before me on this 18th day of May, 2006 in Anchorage, Alaska.

_____
NOTARY PUBLIC, State of Alaska
My Commission expires: 10/26/2007

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing VERIFIED COMPLAINT FOR FORFEITURE was served via Certified U.S. Mail, Return Receipt Requested, this 18th day of May, 2006, on:

Estate of Joe Bryant
3705 Arctic Blvd. #1816
Anchorage, AK 99503

Thomas Cody
c/o Nada Mortensson
3731 214th Lane NW
Oak Grove, MN 55303

Gary D. De Pue
1625 E. 64th Avenue, #16
Anchorage, AK 99507

*Katie Voke*
United States Attorney's Office