

Recor Dist: 301 - Anchorage
11/23/2004 10:09 AM Pages: 1 of 5
ALASKA

F3520/ DJ

**DEED OF TRUST**

This Deed of Trust, made this 22nd day of November 2004, between JOE BRYANT, a single person, and THOMAS MICHAEL CODY, IV, a single person, herein called TRUSTOR, whose mailing address is:

3705 Arctic Blvd., #1816, Anchorage, AK 99503

FIDELITY TITLE AGENCY OF ALASKA, LLC, herein called TRUSTEE, and

ALASKA GREENHOUSES, INC., an Alaska corporation, herein called BENEFICIARY, whose mailing address is:

1821 Bunker Street, Anchorage, AK 99503

WITNESSETH: That Trustor GRANTS, BARGAINS, SELLS, and CONVEYS TO TRUSTEE IN TRUST WITH POWER OF SALE, that property in the Anchorage Recording District, Third Judicial District, State of Alaska, described as:

Tract B, MULDOON ESTATES, according to the official plat thereof, filed under Plat Number 71-113, Records of the Anchorage Recording District, Third Judicial District, State of Alaska; and

Lot 38, DOWLING SUBDIVISION, according to the official plat thereof, filed under Plat Number P-250-B, Records of the Anchorage Recording District, Third Judicial District, State of Alaska,

COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD., SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

TOGETHER with the tenements, hereditaments, and appurtenances thereunto belonging, or in anywise appertaining, the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits; to have and to hold the same, with the appurtenances, unto the Trustee.

FOR THE PURPOSE OF SECURING: (1) Performance of each agreement of Trustor herein contained; (2) Payment of indebtedness evidenced by one promissory note of even date herewith, in the Principal sum of $1,300,000.00 payable to Beneficiary or order.

A. To protect the security of this Deed of Trust, Trustor agrees:

1. Care. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to do all other acts which from the character or use of said property may be reasonably necessary.

2. Insurance. Trustor shall provide, maintain and deliver to Beneficiary fire and extended coverage insurance policies with loss payable to Beneficiary in an amount not less than the full insurable value covering all improvements on the real property. All insurance shall be carried in companies approved by Beneficiary, shall be for such period of time as shall be acceptable to Beneficiary, with loss payable clauses (without contribution) in favor of, and in form satisfactory to Beneficiary and shall provide that it may not be cancelled without thirty (30) days prior notice to Beneficiary. Trustor shall deliver all insurance policies to Beneficiary, which delivery shall constitute an assignment to Beneficiary of all return premiums. In the event of foreclosure of this Deed of Trust or other transfer of title of said property in extinguishment of some or all of the obligations secured by the Deed of Trust, all interest of Trustor in any insurance policies in force shall pass to the purchaser or the Trustee. Trustor will reimburse Beneficiary for any premiums





paid for such insurance by Beneficiary upon Trustor's default in so insuring the buildings or other improvements or default in assigning and delivering such insurance policies to Beneficiary so endorsed. The amount collected under any fire or other insurance policy may be applied to the by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3. Defend. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary, or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4. Taxes. To pay: at least ten days before delinquency all taxes and assessments affecting said property; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs fees and expenses of this Trust.

5. Expenditures. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof with interest from date of expenditure at the rate set forth in the promissory note secured hereby.

6. Protection of Security. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay reasonable attorneys' fees.

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

B. It is mutually agreed that:

1. Condemnation. Any award or damages in connection with any condemnation for public use of or injury to said property or any part thereof, is hereby assigned and shall be paid to Beneficiary who may apply or release such monies as received in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2. No Waiver. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive the right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

3. Trustee Special Powers. At any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey all or any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4. Reconveyance. Upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in any reconveyance executed under this Deed of Trust of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

5. Additional Security. As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or





by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue for or otherwise collect such rents, issues and profits, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6. Default.

a. Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of its election to cause to be sold the herein described property to satisfy the obligation hereof, and shall cause such notice to be recorded in the office of the recorder of each recording precinct wherein said real property or some part thereof is situated.

b. Notice of sale having been given as then required by law and not less than the time then required by law having elapsed after recordation of such notice of default, Trustee, without demand on Trustor, shall sell said property at the time and place of sale fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest and best bidder for cash in lawful money of the United States, payable at time of sale. Notwithstanding the foregoing the Beneficiary shall be entitled to enter an offset bid at the time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement. Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor or Beneficiary, as hereunder defined, may purchase at such sale.

COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6686 • FAX (907) 277-6813

c. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof not then repaid with accrued interest at the rate set forth in the promissory note secured hereby; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7. Binding. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the holder and owner, including pledgee, of the note secured hereby, whether or not named as a Beneficiary herein, or, if the note has been pledged, the pledgee thereof. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

8. Acceptance. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party.

9. Substitute Trustee. Beneficiary may, from time to time, as provided by statute, appoint another Trustee in place and stead of Trustee herein named, and thereupon, the Trustee herein named shall be discharged and Trustee so appointed shall be substituted as Trustee hereinunder with the same effect as if originally named Trustee herein.

10. Maturity. For the purpose of AS 34.20.150, the period of this Deed of Trust and the date when this Deed of Trust matures is three (3) years after the due date of the Deed of Trust Note secured hereby, and in the event no date is stated then forty (40) years after the date of this Deed of Trust.

11. Remedies. The power of sale conferred by this Deed of Trust and permitted by the laws of the State of Alaska is not an exclusive remedy and when not exercised, Beneficiary may foreclose this Deed of Trust judicially or seek any other remedy available at law or permissible by the terms of this Deed of Trust or any agreement incorporated herein.





C. SPECIAL CONDITIONS AND COVENANTS:

1. This Deed of Trust is to be held by First National Bank Alaska.

2. Parcel Two of this Deed of Trust is subject and inferior to that certain Deed of Trust WHEREIN Joe W. Bryant and Thomas M. Cody, IV, who acquired * appears as Trustor, STEWART TITLE OF ALASKA, appears as Trustee, for the benefit of FIRST NATIONAL BANK ALASKA, in the original amount of $1,000.000.00, together with any other amounts due thereunder, recorded November 22, 2004, Serial No. 2004-087258-0, records of the Anchorage Recording District, Third Judicial District, State of Alaska.

*title as Tom Cody IV

3. A breach in performance of [or an extension of credit to more than $1,000,00.00 on] the obligation senior to this Deed of Trust referenced in paragraph C. 2 above shall be considered a breach of Trustor's obligations herein.

4. Release Provisions.

a. If no monetary or non-monetary default exists under the terms of this Deed of Trust, the Trustor (Borrower) shall be entitled to a partial release of any lots or land parcels, with the exception of the land zoned B-3, for $1.50 per square foot in principal reduction, and $5.00 per square foot in principal reduction of the promissory note secured hereby for the land zoned B-3. No portion of the down payment shall apply toward such releases. All payments to principal shall apply toward releases. All lots and land parcels released to be at the choice of the Trustor. A release shall not relieve buyer of the next monthly payment due. Trustor (Borrower) shall bear all costs of said partial releases and any other costs incidental thereto.

b. Beneficiary/Seller hereby irrevocably appoints and authorizes the First National Bank Alaska, or any bank subsequently authorized to hold the note for collection, to act as their agent for the purpose of executing and delivering partial requests for reconveyance in accordance with this agreement. Both parties to this agreement specify that the escrow agent shall be held harmless from any liability as to computation of the amount to be collected for each release.

c. All releases, if necessary, shall provide for necessary ingress and egress to the remaining property, with proper roadways, easements, rights of way, and utility easements.

5. Notwithstanding Paragraph 4 with regard to partial releases, Trustor hereby agrees and promises that they will not allow any wrap or assumption of this Deed of Trust, or the Deed of Trust Note secured hereby, by any other entity; it being the intent of the parties that upon any sale or transfer of whole or in part of the property, this Deed of Trust shall be paid in whole on in part.

[illegible] COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

TRUSTOR:

Joe Bryant

JOE BRYANT

Thomas M. Cody by JWB

THOMAS MICHAEL CODY, IV, by JOE BRYANT, his attorney-in-fact

BENEFICIARY:

ALASKA GREENHOUSES, INC., an Alaska corporation

BY: WAYNE LEISER
ITS:

Carole F. Benson

BY: CAROLE F. BENSON
ITS: ~~VICE PRESIDENT~~ Treasurer CB

Carl M. Benson

BY: CARL M. BENSON
ITS: SECRETARY




4 of 5
2004-087640-0

EXHIBIT B
PAGE 4 OF 5

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by JOE BRYANT, individually, and as attorney-in-fact for THOMAS MICHAEL CODY, IV.

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by WAYNE LEISER, Ex. Committee Member, of ALASKA GREENHOUSES, INC., an Alaska corporation, on behalf of the corporation.

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by CAROLE F. BENSON, ~~Vice President~~ Treasurer of ALASKA GREENHOUSES, INC., an Alaska corporation, on behalf of the corporation.

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by CARL M. BENSON, Secretary of ALASKA GREENHOUSES, INC., an Alaska corporation, on behalf of the corporation.

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

After recordation return to:
First National Bank Alaska Escrow Dept.
P.O. Box 100720, Anchorage, AK 99510

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-8666 • FAX (907) 277-8613




5 of 5
2004-087640-0

EXHIBIT B
PAGE 5 OF 5