LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA    )
              Plaintiff,    )
v.    )
    )
Three Pieces of Real Property    )
located at 1301 Muldoon Road et al. )
             Defendants,    )
_____)

Case No.: 3106-CV-118-RRB

## INTERVENOR AND PETITIONER ALASKA GREENHOUSES, INC. AN ALASKAN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES now Alaska Greenhouses, Inc., (hereinafter Greenhouses) by and through its attorney of record LeRoy E. DeVeaux of DeVeaux and Associates, A.P.C., and for its Memorandum in Support of its Motion for Summary Judgment states as follows:

### EXHIBITS IN SUPPORT OF MOTION

    Exhibit A    Deed of Trust Note[1]
    Exhibit B    Deed of Trust
    Exhibit C    Affidavit of Ron Pollock

---

[1] Exhibits A through I are attached to Greenhouses' Motion to Intervene previously filed in this matter.

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906 Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 1 of 18

| | |
|---|---|
| Exhibit D | Affidavit of Carl M. Benson |
| Exhibit E | Affidavit of Wayne Leiser |
| Exhibit F | Affidavit of Carole F. Benson |
| Exhibit G | Affidavit of Paul Sandhofer |
| Exhibit H | Affidavit of Llyod Strutz |
| Exhibit I | Written statement by Richard E. Noble |
| Exhibit J | First National Bank Alaska's escrow package |

## FACTS

On or about sometime in 1969 Mann Leiser incorporated Greenhouses and purchased a property to operate a greenhouse and nursery on Tract B, Muldoon Estates, according to the official plat thereof, filed under plat number 71-113, records of the Anchorage Recording District, Third Judicial District, State of Alaska, more commonly known as 1301 Muldoon Road, Anchorage, Alaska 99504. The corporation is not, and never has been, a closely held corporation. There are presently 36 shareholders of Greenhouses. (Exhibit D) Mr. Mann Leiser was the major shareholder for most of the existence of the Greenhouse and he was chief operating officer and president up until his death in 1992. Greenhouses' business was operated as a retail and wholesale garden supply and landscaping business from 1969 up until the summer of 2004, when it ceased operations.

When it was determined by the Board of Directors that due to competition and economics the business was no longer viable as a greenhouse, garden supply and horticulture business, the board elected an executive committee of Carl Benson, Carole Benson and Wayne Leiser to sell off the remaining assets of the corporation. The executive committee was to wind up the corporation and distribute corporate funds

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 2 of 18

remaining, after paying taxes and bills. (Exhibits B, D, and E) As the Board of Directors and Shareholders had determined that the corporation was to be wound up, the executive committee began at the end of 2002 to actively market the assets of the corporation. (Exhibit C) The major asset of the corporation was the property at 1301 Muldoon Road. The executive committee hired a Mr. Ron Pollock, an Anchorage real estate broker, to market the property. (Exhibit D) Mr. Pollock received numerous offers to purchase, many of which placed earnest money down and lost that earnest money as they were unable to close. (Exhibit C) In any event, in 2004, finally the property was sold to Mr. Cody and Mr. Bryant through their real estate agent and broker, Dick Noble of United Reality. (Exhibits C and I) On or about November 22, 2004, Greenhouses sold the property at 1301 Muldoon Road to Mr. Joe Bryant and Mr. Thomas Michael Cody IV for $2,300,000.00. (Exhibits A, B, C, D, E, and F) The purchasers paid approximately $1,000,000.00 down that they borrowed from the First National Bank Alaska. The property was subject to a Deed of Trust Note of the same date for the balance of $1,300,000.00 with interest at 7.5% per annum. (Exhibit A) Terms under the Deed of Trust Note were for quarterly payments of interest only of $25,000.00, paid to the escrow agent First National Bank Alaska. (Exhibit A) The final payment in the form of a balloon payment for the principal of $1,300,000.00 plus then due interest which was due on the 23rd day of November, 2006. (Exhibits A and B) All funds paid by the purchasers Mr. Bryant and Mr. Cody were paid to the escrow agent, First National Bank Alaska. (Exhibit J)

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

This was a completely arm's length business transaction. None of the board members, or the executive committee of the board, were acquainted with the buyers.[2] (Exhibits D, E, F, G, and H) All of the contact, sale, and negotiations were handled by Mr. Ron Pollock. None of the board members were aware of any criminal activity or potential criminal activity on the part of the buyers; the board was, for all intents and purposes, unaware exactly of what Mr. Bryant's and Mr. Cody's business activities were. (Exhibits C, D, E, F, G, H and I) As Greenhouses required such a large down payment, a deed of Trust on the Muldoon property and additional security in the form of a second Deed of Trust on the property Lot 38, Dowling Subdivision, second only to the First National Bank Alaska, no additional information was necessary. (Exhibits A, B, and J)

The quarterly $25,000.00 interest only payments were made to the First National Bank Alaska escrow office and were current up until February 2006, when the quarterly interest only payment was not made. (Exhibit J) On or about May 13, 2006, the executive board members became aware that Mr. Joe Bryant was deceased. About May 23, 2006, Mr. Noble, the real estate broker representing buyers Mr. Bryant and Mr. Cody, appeared and requested that Greenhouses sign a replat of the property at 1301 Muldoon Road. (Exhibit I) This was to enable the sale of the back 11+ acres to the City

---

[2] Mr. Carl Benson at some time became aware that when he was employed in the 1970s at Alaska Sales and Service in the parts department he sold vehicle parts to Mr. Joe Bryant. However, at the sale of this piece of property he wasn't even aware that this was the same Joe Bryant that he had known many years ago as a customer at Alaska Sales and Service.

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 4 of 18

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

of Anchorage. The closing was set for the 10th day of June, 2006. Mr. Noble requested that the corporation forbear from filing a Notice of Default and beginning Foreclosure proceedings as Mr. Noble believed that by the closing on the 10th of June the Greenhouses would receive between $700,000.00 and $900,000.00 of the remaining debt. Greenhouses executive committee agreed to forbear until after the 10th day of June closing and signed the replat as requested. At that time the replat had already been signed by Mr. Cody's conservator, Mrs. Mortenson, and by Mr. Bryant's daughter, Kelly Bryant[3].

Mr. Joe Bryant died on or about May 9, 2006, and on the 18th day of May, 2006, the United States filed a verified complaint for forfeiture, which is the case before this court.

## STATUTES AND CONSTITUTIONAL PROVISIONS RELIED ON

18 USC § 983

> **(d) Innocent owner defense.** (1) An <u>innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.</u> The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.
> (2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term <u>"innocent owner" means an owner who-</u>
> (i) <u>did not know of the conduct</u> giving rise to forfeiture; or
> (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.
> (B)(i) For the purposes of this paragraph, ways in which a person may show that such person did all that reasonably could be expected may include

---

[3] The corporation believes that either the City or Mr. Noble has the signed replat.

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

> demonstrating that such person, to the extent permitted by law-
> (I) gave timely notice to an appropriate law enforcement agency of information that led the person to know the conduct giving rise to a forfeiture would occur or has occurred; and
> (II) in a timely fashion revoked or made a good faith attempt to revoke permission for those engaging in such conduct to use the property or took reasonable actions in consultation with a law enforcement agency to discourage or prevent the illegal use of the property.
> (ii) A person is not required by this subparagraph to take steps that the person reasonably believes would be likely to subject any person (other than the person whose conduct gave rise to the forfeiture) to physical danger. ... [Emphasis added]

Article 1 § 9 clause 3 of the Constitution of the United States of America states in pertinent part as follows:

> § 9. Limitations upon powers of Congress.
> No bill of attainder or *ex post facto* law shall be passed

Amendments to the Constitution Article V:

> ... nor shall private property be taken for public use, without just compensation.

Article 1 § 18 of the Constitution of the State of Alaska states in pertinent part as follows:

> Private property shall not be taken or damaged for public use without just compensation.

### **THE DEED OF TRUST**

Mr. Bryant and Mr. Cody (hereinafter mortgagors) purchased the property at 1301 Muldoon Rd. for $2,300,000.00 with a down payment of about $1,000,000.00 borrowed from the First National Bank Alaska, with the remaining $1,300,000.00 subject to a Deed of Trust and a Deed of Trust Note. (Exhibits A and B) A Deed of Trust is in effect a mortgage. *Brand v. First Federal Savings and Loan Association of*

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 6 of 18

*Fairbanks* 478 P.2d 829 (Alaska 1970). *OSBORNE, Handbook on the Law of Mortgages 2nd Ed. § 17, The Restatement of the Law of Property Third-Mortgages* states:

> § 1.1 A mortgage is a conveyance or retention of interest in real property as security for performance of an obligation. A mortgage is enforceable whether or not any person is personally liable for that performance.
>
> **Comment:** ...
>
> In most cases the mortgage takes the form of a conveyance executed by the owner of the real estate to the secured party. Sometimes, however, the owner simultaneously conveys a promissory interest in the real estate to a purchaser and retains his security interest in it as collateral for the payment of the purchase price. This is generally the case with a contract for deed, which is treated as a mortgage under section 3.4.

As the deceased mortgagors did not own the property at the time they entered into the Deed of Trust, the mortgage attached from the very moment that Title to the property at 1301 Muldoon Rd. was acquired. 59 C.J.S. Mortgages § 200. Once the mortgage lien is attached it continues in full force and effect until Greenhouses has been paid in full. 59 C.J.S. Mortgages § 201; Exhibit A and B.

> (b) Subordination to **Mortgage**
>
> Generally, a purchaser of property already under mortgage takes only the mortgagor's equity of redemption, and his title is taken subject to the mortgage and is no better or stronger than that of his grantor.
>
> A mortgage on land is not extinguished, or its lien divested, by a sale of the premises to a purchaser who has notice of the mortgage, the mortgage remaining in the property until it expires or is extinguished, and, as a general rule, a purchaser of property already under mortgage takes only the mortgagor's equity of redemption, and his title is subject to the mortgage and is no better or stronger than that of his grantor. ...

59 C.J.S. § 388

Assuming for the purposes of this motion that the government in fact has a right to seize the interest of the deceased mortgagors to the property at 1301 Muldoon Rd.,

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

the government can obtain no greater interest than was held by the deceased mortgagors. That interest was subject to foreclosure by the provisions of the Deed of Trust. The right to redeem the property requires the payment in full of the amount due and owing under the Deed of Trust and Deed of Trust Note plus costs, attorney fees and interest. That is all the government has. *Restatement of the Law Property 3rd-Mortgages* § 5.2; 55 *Am. Jur* 2d Mortgages §§ 1172 and 1175.

### PROVISIONS OF THE DEED OF TRUST AND DEED OF TRUST NOTE

A.1. Of the Deed of Trust states in pertinent part:

> To protect the security of this Deed of Trust, Trustor agrees:
> 1.... not to commit, suffer or permit any act upon said property in violation of law; ...
> 3. <u>Defend.</u> To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary, or Trustee; and to pay all costs and expenses including cost or evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.
> 4. <u>Taxes.</u> To pay: at least ten days before delinquency all taxes and assessments affecting said property; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs fees and expenses of this Trust.
> 5. <u>Expenditures.</u> To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof with interest from date of expenditure at the rate set forth in the promissory note secured hereby.
> 6. <u>Protection of Security.</u> Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 8 of 18

> or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay reasonable attorneys' fees. (Exhibit B)

It is clear from the Deed of Trust provisions that the mortgagors are in Default and Greenhouses is within its legal rights for the protection of its security to expend the funds necessary. Both under the law governing Mortgages and the Deed of Trust, Greenhouses has a right to perform any act that is necessary to protect its interest or title. 59 C.J.S. Mortgages § 279, AS 34.20.070, grants Greenhouses the right to actual attorney fees and costs incurred.

## GREENHOUSES IS AN INNOCENT OWNER

The general rule in Civil Forfeiture proceedings, such as the one now before this court, is that innocent owners' interest in property "shall not be forfeited under any civil forfeiture statute." 18 U.S.C. 1983(d) An innocent owner in this case means "an owner that did not know of the conduct giving rise to forfeiture." The case of the *United States v. One Parcel of Real Estate 13430 S.W. 1st Street, Miami, Dade County, Florida* 789 Fed Supp. 387 (S.D. Fla. 1992) is a forfeiture case brought under 21 U.S.C. § 881 where a claimant to the property was a mortgagee claiming the "innocent owner" defense. The court in that case opined what the claimant must show to sustain its burden of proof. First, mortgagee had no "actual knowledge that the Defendant property had been used to facilitate a drug transaction" and, second, that the mortgagee had "no actual knowledge that the property had been purchased with proceeds of a drug

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

transaction." In the Florida case the District Court found that direct testimony of the claimant was sufficient to satisfy her burden of "proving lack of actual knowledge by a preponderance of the evidence." The burden then shifts back to the government to show by direct evidence that the claimant had actual knowledge that the property was being used for a criminal activity. The government must show by direct evidence that she knew that the down payment money of **$10,000.00 in cash** was proceeds from a criminal activity involving drugs. The case of *Shelden v. The United States* 7 F.3d 1022 (Fed. Circuit 1993), was an inverse condemnation case brought by the mortgagee against the United States for forfeiting the mortgaged property and terminating the mortgagee's rights. The court held that the government was required to pay for the termination of the mortgagee's interest under the Just Compensation clause of the Fifth Amendment to the United States Constitution. *Armstrong v. The United States* 364 U.S. 40 (1960) is a case where a materialman had a lien filed on a vessel seized by the United States. The Supreme Court held that the contractor filing a materialmen's lien had a compensable property interest under the Fifth Amendment to the United States Constitution and was entitled to be compensated.

In *U.S. v. 6960 Miraflores Avenue* (11th Circuit 1993), mortgagee bank was allowed to assert innocent ownership defense in its claim to enforce its mortgage because it was without actual knowledge of criminal acts. In the *United States v. 1992 Buena Vista Avenue* 507 U.S. 111 (1993) the U.S. Supreme Court even found that a person receiving a gift of $240,000.00 to purchase a home is allowed to raise the

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

innocent owner defense if the donee was without knowledge that the funds were the result of criminal activity. In the case at hand it, is clear from the exhibits that none of the board members had any knowledge whatsoever of Mr. Bryant's and Mr. Cody's business activities, criminal or otherwise. The corporation did not receive any cash at all from mortgagors but in fact received all the funds from the First National Bank Alaska at the closing and at each of the quarterly payments, pursuant to the Deed of Trust and the Deed of Trust Note. (Exhibits A, B, C, D, E, F, G, H, and I)

## THE RELATION BACK DOCTRINE

The United States government appears to put a lot of store in the Relation Back Doctrine. For the purposes of this Motion, Greenhouses will assume that the criminal conduct allegedly carried out by mortgagors began or occurred prior to those gentlemen purchasing the property. The United States Supreme Court decision in the *United States v. 92 Buena Vista Avenue* 507 U.S. 111 (1993) points out that title does not vest in the government until the government has a forfeiture judgment. Until the government has such a judgment the claimant to that property can use **any available defense** including the innocent owner defense. It is also true in the case at hand that neither of the mortgagors had any interest in 1301 Muldoon Road until they closed on the property. The interest they received was subject to a Deed of Trust and foreclosure if they did not abide by the provisions of the Deed of Trust. The interest purchased by the mortgagors was not the complete interest. Greenhouses retained an interest in the property which was a reversionary interest which allows Greenhouses to foreclose if the

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 11 of 18

requirements of the Deed of Trust are not met. The only interest that the government has in a forfeiture is the right to redeem under Alaska's Deed of Trust Law found in AS 34.20.090, i.e., to pay off the mortgage in full, plus costs, attorneys fees and interest incurred under the provisions of the Deed of Trust **before the foreclosure sale is complete**. AS 34.20.090; Exhibits A and B.

The government cannot seize more than the mortgagors have. As the mortgagors are in default, Notice of Foreclosure has been sent, and a Trustees Title Guarantee has been obtained, the government has a right to redeem the property by fully complying with the provisions of the Deed of Trust for the balance due and owing plus costs, attorneys fees, and interest. That's all the mortgagors have and that's all the government can seize. *The United States v. New Orleans R.R.* 12 Wall 362 (1870).

### THE MORTGAGE

The mortgage here at issue is a particular kind of mortgage; it is known as a purchase-money mortgage. A purchase-money mortgage is:

> A mortgage on real property created in order secure that the debt incurred by the buyer and the purchase of the property and the mortgage was executed at the time of the conveyance or part of the same transaction as the conveyance of the property. *Belland v. Okay Lumber Comp., Inc.,* 797 P.2d 638 (Alaska 1990).

In *Professor Powell's Tretise on Real Property* he states:

> Every purchase money (sic) mortgage receives a special priority position against other liens and encumbrances attaching to the purchased property through the purchaser-mortgagor. … As long as the deed and mortgage are part of one continuous purchase transaction, the special mortgage priority arises even if the mortgage and deed are not transferred on the same day.

The impact of the purchase money mortgage priority is most commonly

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 12 of 18

recognized in giving seniority to the mortgage over claims based on judgment liens, dower, or homestead, or over mortgage liens attaching to the property under a previously existing after-acquired property clauses. ... The mortgage may arise second in time but it enjoys a priority position in the property that is first in right

<u>The purchase money (sic) mortgage does not take priority over all liens on the property, but only those arising through the mortgagor-purchaser.</u>  4 *Powell on Real Property* § 37.28(1). *Emphasis added.*

The purchase-money mortgage gives the vendee here, Greenhouses, a priority even again the United States. *Terrie, Law Note Titled Priority of Purchase-Money Mortgages,* found in 29 *Virginia Law Review* 491(1943). That law note points out as follows:

> In granting priority to purchase money (sic) mortgages the courts have in some cases considered the vendee as taking the land with the encumbrance already on it, while in other cases they have held that the transaction involves an instantaneous seisin ...

> A purchaser does not have title to land until a sale is completed, and, when he does take title in a transaction which involves a purchase-money mortgage, his ownership is subordinate to the rights of the grantor-mortgagee ... The reasoning seems to be based on a strict compliance with long-established notion that a lien can attach only to what equity or interest a purchaser has.

The purchaser, in this case is the mortgagor, purchased the property with the encumbrance already attached. *Mayberry v. Brien* 15 Pete 21 (1841). That encumbrance is found in the Deed of Trust and is subject to foreclosure for non payment, failing to keep the taxes current, creating a potential cloud on the title, and for what the government has alleged, illegal conduct on behalf of the mortgagors.

In *Belland v. Okay Lumber Comp., Inc.,* 797 P.2d 638, the Alaska Supreme Court held that a purchase money mortgage has a priority even over a Federal Tax Lien.

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 13 of 18

## HOW MUCH COMPENSATION IS JUST?

If the government is bent on keeping the property at 1301 Muldoon Road and in effect confiscating the property interest of Greenhouses it is clear that $1,281,121.67 in principal due and owing on the mortgage is compensable. It is also clear that interest due and owing on the principal at the time of the taking is compensable and that interest is 7.5%. Some Circuit Courts in the United States have a cut off date on interest and other courts do not. Some courts allow interest prior to seizure but disallow post-seizure interest. Others allow interest both prior to seizure and post seizure. *U.S. v. Real Property is the Name of Shaskin, Ltd.*, 680 F. Supp 332 (D.C. Hawaii 1987) See also 136 ALRFed 593  As the government has only a *lis pendens* and no seizure has occurred this is a mute point. *United States v. 92 Buena Vista Ave.* 507 U.S. 111 (1993).

It remains whether attorneys fees and costs are recoverable as just compensation. The Fourth Circuit Court of Appeals held in *The United States v. Federal National Mortgage Assoc.* 946 F.2d 264 (4th Cir. 1991) that they are. The Eleventh Circuit also holds that an innocent lien holder is entitled to costs and attorneys fees spent in collection and protection of its lien if those were provided for in loan documents as they are here, *United States v. Six Parcel of Real Property et. al* 920 F.2d 798 (11th Cir. 1991), rehearing *en banc* denied 1932 F.2d 979 (11th Cir. 1991). Last, and by no means least, is the Ninth Circuit case of the *United States v. Real Property Located at 741 National Trails Way, Daggett, California et. al*, 989 F.2d 1089 (9th Cir.

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 14 of 18

1993). The claimant, Citicorp, requested, and the District Court denied, the attorneys fees and costs expended by Citicorp in protecting its lien in a Federal Forfeiture case. In reversing the District Court, the Ninth Circuit held as follows:

> ...We hold that if the right to recover attorneys fees and costs is secured by the property, the innocent lien holder's right to recover such fees and costs is created when the Deed of Trust is formed and constitute an 'interest' in the property under subsection 881(a)(7).

The Ninth Circuit Court in its opinion went on to note that the American Rule is that each side should bear its own attorney fees **except where the parties by contract permit the reward of attorney fees.** So it is here. The Deed of Trust and the Deed of Trust Note in this matter allow for costs and attorneys fees incurred in protecting the Greenhouses' property rights and to collect the money due and owing to Greenhouses. This is in addition to 7.5% interest. (Exhibits A, B and J) As of the 30th day of September, 2006, the amount due and owing is as follows:

| | | |
|---|---|---|
| Principal | $1,281,121.67 | Exhibit J |
| Interest at 7.5% | $ 72, 926.20 | Exhibit J |
| Costs | $ 4, 734.91 | |
| Attorney Fees | $[4] 30, 680.00 | |
| Taxes | $ ? | |

This amount can only increase as more legal work is incurred regarding the protection of Greenhouses' property interest. An example is property taxes due the City of

---

[4] Claimant Greenhouses' costs and attorney fees are itemized and the receipts and bills therefor will be attached and submitted at the paying off of this mortgage or at the foreclosure of this property, which is set for October 26, 2006. These are only current through the beginning of September.

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906   Facsimile (907) 565-2933*

Anchorage.

## CONCLUSION

Greenhouses respectfully submits that the court should grant Greenhouses' Motion for Summary Judgment. Court should find that Greenhouses is an innocent person as defined by the laws governing forfeitures and seizure of property by the United States. That Greenhouses has a superior right to said property by virtue of a purchase-money mortgage and is the mortgagee under said mortgage. That if said mortgage is foreclosed, as has been noticed, that Greenhouses' title and said property shall be true and clear of the United States Government's *lis pendens*. That the United States Government seizure and forfeiture of said Greenhouses' property would be a confiscation of property in violation of the United States Constitution as set forth in the 5th Amendment thereto unless the United States Government pays for the property interest of Greenhouses mortgage interest, the principal amount of which is $1,281,121.67, plus 7.5% interest from December 28, 2005, until said is paid, plus costs and attorney fees incurred in the protection of Greenhouses' interest and title. That Greenhouses is also entitled to the 7.5% on such costs and attorney fees incurred as stated in the Deed of Trust and Deed of Trust Note. That the United States of America cannot seize or forfeit said property unless and until the interest of Greenhouses is paid in full in accordance with the Deed of Trust.

DATED this __12th__ day of September, 2006.

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 16 of 18