FIRST NATIONAL BANK ALASKA
Po Box 100720, Anchorage, AK 99510 Phone 907-777-3430 or 800-856-4362

**Notice of Termination/Account Closed for Delinquency**

Account # [redacted] Date: June 14, 2006

Payer: Bryant Payee: Ak Greenhouse Inc

Notice to terminate the account for delinquency was received. An audit of our records indicate requirements for termination for delinquency have been met. **The Bank is no longer authorized to accept payments.** ***See attached sheet for information regarding - How to Reinstate.**

The basis for delinquency is as follows:

☐ all unpaid principal and interest is due.

☒ installments due through audit date $25,000.00 This amount includes:
fees from payer due through audit date ______
Late charges due ______

Principal balance $1,281,121.67 Interest paid through 12/27/05

Interest accrued through today $44,496.28 Date of last payment 2/24/06

Interest per diem $ 263.24 Next annual fees accrue 12/23/06

Other amounts due ______ Prepared by ______

**Release of Original Documents**

The documents held for delivery have been released according to instructions from the payee or their agent. Itemized below is a list of the original documents:

| | | |
|---|---|---|
| ☒ Note | ☐ Bill of Sale | ☐ Financing Statement |
| ☒ Deed of Trust | ☐ Title | ☐ Termination Statement |
| ☒ Request for Reconveyance | ☐ Power of Attorney | ☐ Contract |
| ☐ Deed of Reconveyance | ☐ Stocks | ☐ Warranty Deed |
| ☐ Release of Assignment | ☐ Security Agreement | ☒ Other REAL ESTATE CONTRACT agreem |
| ☐ Quit Claim Deed | ☐ Assignment | ☒ Request for partial reconveyance |

☒ I acknowledge receipt of the original documents listed above, copies of the escrow instructions and current fee schedule, and instructions for Bank requirements to reinstate account.

______
(Payee or Agent) Will be in to P/U

☐ The documents listed above have been released by certified mail according to the payee instructions
# ______

**If you have any questions regarding this matter, you should contact the payee directly. Their name(s) and address is listed on the attached statement.**

☒ Receipt of $50.00 ,s acknowledged to terminate the account.

EXHIBIT J
PAGE 1 OF 20

# First National Bank Alaska

## Escrow Department

## Reinstatement Information

**Reinstatement can be effected within 6 months of the termination date by:**

1) Re-depositing the documents (if any)
2) Paying the reinstatement fee of $50.00 plus any accrued annual and amendment fees due
3) Providing First National with instructions signed by all payers, payees and assignees (if any) requesting reinstatement. (The form below may be used for this purpose)

Closed delinquent accounts are held in a pending status for six months from the termination date. No payments are applied or disbursed. Any money received will be returned to the party that made the payment. If more than 6 months elapse from the termination date, completion of new escrow instructions are required.

**If we accept the request for reinstatement, including any proposed changes, the account will be reactivated as of the date of termination. Current instructions apply. Any amendments that are part of the reinstatement will be effective when reinstated. A fee schedule is attached. Forms for transfers, substitutions, and amendments are available in the Escrow Department or by e-mail. Additional fees will apply. Phone 1-907-777-3430 or 1-800-856-4362 for assistance. The e-mail address is tflanneryl@fnbalaska.com.**

---

## Reinstatement Instructions

**To: First National Bank Alaska Date: ______________ Escrow # ____________________**

☐ You are instructed to reinstate this account, the documents and fees due of $ ____________ are submitted herewith

☐ No payments have been made outside of escrow, and there are no changes to the existing escrow instructions.

☐ A check for $ ______________ is attached for application to this account. This amount includes the $50.00 reinstatement fee, **plus any other fees due** First National, late charges (if applicable) and payments.

☐ Payment was made outside of escrow as follows:

$ ______________ on ______________ **After** application of this amount, the next regular installment will be due ______________ .
*Amount* *Date* *Date*

Change your records to show the application of payment, on the date specified above.

______________________________ *Payer*

______________________________ *Payee*

______________________________ *Payer*

______________________________ *Payee*

______________________________ *Assignee*

First National Bank Alaska ♦ ______________________________ Date: ____________________

EXHIBIT J
PAGE 2 OF 20

```
ESPYMT-▯/[redacted]▯/-  -      ACCOUNT PAYMENT INFO  POSTING DATE: 06/14/06
                                                       ACCRUED THRU: 06/14/06
                          - LATE DAYS GRACE =00-                                -
                                      TERMS =0-                                 -
[redacted]  AKGREEN-BRYA-   PYMTS PER YR =04-  NO INSTALLMENT PREPAY            -
                            INSTALLMENT FLAG =N -                               -
PYMT AMT DUE NOW         25,000.00 -  PRINCIPAL BALANCE          1,281,121.67 -
PAYER FEE DUE                  .00 -  MATURITY DATE                  11/23/06-
LATE CHRG DUE                  .00 -  LATE PER INST AMT                   .00 -
REG INSTALL AMT          25,000.00 -  ANNUAL FEE CODE/DUE          R 12/23/06-
REG INSTALL DUE           05/23/06-   COUPON REQUEST DATE            12/27/04-
PARTIAL PAID                   .00 -  LAST TX TYPE/DATE           CR 02/24/06-
IRREG INSTALL AMT              .00 -  LAST TX AMT          021    25,225.00 -
IRREG INSTALL DUE         00/00/00-   DISB-HOLD-CODE                  NOT SET-
PAYEE FEE DUE                  .00 -  AUTO CHRG ACCT#        0000 000 0       -
INTEREST ACCRUED         44,496.28 -  PER DIEM AMOUNT                263.2435-
INTEREST PAID THRU        12/27/05-   INTEREST RATE                    .07500-
1ST AUTO INST DATE           00/00-   2ND AUTO INST DATE                00/00-
1ST AUTO INST AMT              .00 -  2ND AUTO INST AMT                   .00 -
DISCOUNT AMT                   .00 -  DISCOUNT DATE                 00/00/00-
PYMT REMINDER           0 00/00/00-   REMINDER OPTIONS              0   0   0-
PYMT LAST LATE DATE       00/00/00-   ADDTIONAL PAYMENT AMT               .00-

ESSTMT-▯/[redacted]/-R -      ESCROW STATEMENT      POSTING DATE: 06/14/06
                                               PAYEE: AK GREENHOUSE INC
 52 71555 4  000000  TR B MULDOON EST/L38 DOWL
 PAYER:                                          [redacted]
 EST OF JOE BRYANT                               ANCHORAGE AK
 KELLY BRYANT PERS REP                                               995030000
 THOMAS M CODY IV                                BROUGHT FORWARD:  RATE= .07500
 [redacted]                                      BEGIN INSTALLMENT    = 02 23 06
 [redacted]                    [redacted]
      -                                         BALANCE =        1,281,121.67
CODE DATE DESCRIPTION    PYMT AMT   PYR FEE  INTEREST  PRINCIPAL  PYE FEE  NX INST
 021 0224 PAYMENT       25,225.00  225.00  25,000.00                        052306




*** TOTALS ***          25,225.00            25,000.00            .00  1,281,121.67
```

EXHIBIT J
PAGE 3 OF 20

# First National Bank Alaska
## Escrow/Collection Instructions
(by payee only)

Dated: 11/22/2004 Account No.: [redacted]

*(check squares or fill in blanks only if applicable - do not alter form or refer to provisions of other documents)*

To: **The First National Bank Alaska**: Joe Bryant and Thomas Michael Cody, IV , payer

whose mailing address and TIN are [redacted]

TIN [redacted] TIN [redacted]

is obligated to pay money to the undersigned payee. You are instructed to receive and disburse it. Bank's duties are determined from these instructions alone and without reference to other agreements, including deposited documents, regardless whether such other agreements differ from (as to parties or otherwise), or are more complete than, these instructions.

**The type of payment arrangement is:** *(Required)*

☐ **"interest only" type, and its terms are stated in Exhibit C**

☒ **"including interest" type, or "non-installment" type and its terms are stated below:**

☐ **"plus interest" type** *(see note 1)* **and its terms are stated below:**

*Note 1. If this is a "plus interest" type of account, interest is due on the same day that an installment, regular or irregular, is due. Except to the extent that it has accrued, interest cannot be paid prior to its due date. Since money paid is first applied to interest accrued as of the date of the application, an installment cannot be satisfied unless the amount paid at least equals the installment plus accrued interest.*

*Terms ("including interest" type or "non-installment" type or "plus interest" type)*

1. Beginning principal is $1,300,000.00
2. Annual interest rate is 7.500% ; daily interest rate is 1/365 of that rate. Annual rate changes to the following rates on the following dates:

| Rate | Date |
|---|---|
| % | |
| % | |

(not more than 2)

3. Interest accrues from November 23, 2004
4. There is no interest on interest.
5. Regular installment period is ☐ monthly ☒ quarterly ☐ semi-annually ☐ annually.
6. First regular installment is due on Feb. 23 2005
7. Regular installments are due on the same day of the calendar month.
8. Regular installment amount is $25,000.00

   Regular installment amount changes to the following amounts on the following dates.

| Amount | Due Date |
|---|---|
| $ | |
| $ | |

(not more than 2)

9. Irregular installments, due in addition to regular installments, are as follows:

| Amount | Due Date |
|---|---|
| $ | |
| $ | |
| $ | |
| $ | |
| $ | |

(not more than 5)

10. All unpaid principal and interest is due on Nov. 23 2006
11. Any amount of money may be paid at any time.
12. Money paid is applied first to interest and then to principal.
13. Money paid satisfies installments in their scheduled order* ~~including an unlimited number of installments~~ not yet due.

*OF INSTALLMENTS NOT YET DUE, MONEY PAID SATISFIES ONLY ONE (and if that installment has been satisfied, none)

B
W
MB

***Section 326 of the U.S. Patriot Act-To help the government fight the funding of terrorism and money laundering activities. Federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account.*

☐ **Our payment arrangement is of the "no balance" type, and its terms are as follows:**

1. There is no principal or interest.
2. The installment period is: ☐ monthly ☐ quarterly ☐ semi-annually ☐ annually
3. The first installment is due on ______ and the last installment is due on ______.
4. Installments are due on the same day of the calendar month.
5. The installment amount is $ ______.
6. Any amount of money may be paid at any time.
7. Money paid is allocated to installments on the day that cash, check, or other item is received or as soon thereafter as practicable.
8. To the extent of its amount, money paid satisfies installments in their scheduled order (including an unlimited number of installments not yet due).

*(Required)*

☒ **Payee(s) Disbursement Instructions:**

***Complete attached Exhibit A-Payee Disbursement Instructions**

**The following documents are deposited herewith:**

Deed of Trust Note, Deed of Trust, Request for Partial Reconveyance, Request for Full Reconveyance

**Paid in Full:**

When all principal and interest has been paid, cancel any promissory note and deliver above listed documents to payer (any of the payers), or order.

☐ **No promissory note or other document is deposited herewith.**

**Close by Payee:**

Upon written notice from payee, terminate the account and deliver any documents deposited herewith as directed in the notice.

**Fees:** ***(Required)***

Receipt of your current fee schedule is acknowledged. Your setup and first year's annual fee are tendered herewith. Collect future annual fees as follows: ☒ all from payer ☐ all from payee ☐ one-half from payer and one-half from payee.

**Late Charges.** ***(Available only in connection with "including interest" type, payment arrangement.)***

Commencing with the installment due ______, if an installment is unsatisfied for ______ days *(not fewer than 5 or more than 90)*, there is a late charge of

☐ $ ______

☐ ______ % of the unsatisfied part of the installment.

A late charge is based on failure to satisfy an installment or part of an installment (when an amount exceeds $15.00) within a prescribed time. If your instructions specify a date on which all unpaid principal and interest is then due, there is no late charge for failure to pay the same, within any time period. There is only one late charge with respect to a particular installment. There is no interest on late charges, and late charges are in addition to interest. Money paid (after deduction of fees due from payer) is applied to late charges, interest and principal, in that order. Money paid, and not applied to late charges, satisfies installments in scheduled order.

**Attached hereto are Exhibits:**

☒ ****Customer Identification Form(s) (Required)** ☐ C (interest only) ☐ D (payment arrangement changes) ☐ F (security assignment) ☐ G (prior mortgage) Such exhibits, the terms and conditions stated on the reverse side, and the above are your instructions.

(Original signatures of the payee required. Type name and address below signature line)

S/ [signature]

Alaska Greenhouses, Inc, by Wayne Leiser, Ex. Committee Member.
,Payee

1821 Bunker Street, Anchorage, AK 99503
Address

S/ [signature]

by Carole F. Benson, Treasurer
, Payee

[signature]

by Carl M. Benson, Secretary
Address

EXHIBIT J
PAGE 4 OF 20

Address Address

First National Bank of Alaska

Date accepted: 12-16-04 By: [signature] Rec'd $: 260

**Instructions control.** Bank's duties are determined from these instructions alone and without reference to other agreements, including a deposited promissory note, regardless whether such other agreements differ from (as to parties or otherwise) or are more complete than, these instructions.

**Interpretation of instructions.** These instructions are to be interpreted strictly.

**Effective date.** The effective date hereof is the date of acceptance of the account, or the first installment due date, or the date that money, if nay, was paid (on the account) directly by payer to payee prior to acceptance, whichever is earliest, Money received by bank prior to acceptance is deemed to be received onthe date of acceptance.

**Changes in fee schedule.** Future changes by bank in its schedule of fees (basic and special) are applicable to fees that become due thereafter.

**Annual fee.** An annual fee is due and earned when each full or partial account year begins. The first account year begins on the effective date hereof.

**Deduction for fees.** Fees, and other claims in connection with the account, due from payer, may be deducted from money received, leaving the valance for application to interest and principal. fees, and other claims in connection with the account, due bank from payee, may be deducted from money otherwise available for disbursement.

**Uncollected check.** the amount of an uncollected check or other item is applied without waiting for collection ,but disbursement may be delayed. If a check or other item is not collected and disbursement has occurred, bank may recover from payer or payee (or a security assignee).

**Set-off.** Fees and other claims in connection with the account, due bank from payer or payee or security assignee, may be set-off against any deposit account that the debtor has with the bank. Also, to secure the payment of such fees, and other claims due bank from payee, payee grants to bank a security interest in any promissory note deposited herewith.

**Payments directly to payee.** Bank is not required to apply to balances money paid by payer directly to payee. However, as to money so paid prior to acceptance of the account and reported in writing by payee prior to acceptance, the bank will apply to balances.

**Adjustment of balances.** Upon written request from payee, and security assignee, bank may, in its discretion, adjust balances to reflect money paidby payer directly to payee or assignee, forgiveness of debt, or other transaction.

**Directions by payer as to application, etc., of money.** Money received with directions to apply to interest and principal or allocate to installments in a manner inconsistent with the payment arrangement, or disburse in a manner inconsistent with disbursement instructions, will not be applied and will be disbursed back to the person who paid it.

**Satisfaction of installments.** For purposes of satisfaction of installments, a regular installment is considered to be scheduled before an irregular installment due on the same date.

**Substitution of payer.** Bank is required to recognize a substitute payer if directed to do so by payee in writing. However, without such direction, bank may recognize a person as a substitute for payer if it is reasonable to do so.

**Absolute transfer by payee.** Bank is not required to recognize an absolute transferee of payee unless payee acknowledges the transfer in writing and transferee joins in these instructions. However, without such acknowledgment bank may recognize a person whom it reasonably determines to be the absolute transferee of payee.

**Transfer by bank.** Bank may assignee its duties hereunder (and thereby be released from its duties) to any corporation regularly engaged in the business of providing, in Alaska, the service the bank is required to provide hereunder.

**Termination by bank.** Bank may terminate the account upon 30 days notice to payer and payee, without opportunity to cure, either if a delinquency continues for a period of one year, or if fees, or other claimsin connection with the account, due bank remain unpaid for a period of 60 days, or if the account has been in existence for 30 years or longer.

**Security assignment.** Bank is not required to recognize a security assignee of payee if bank is notified of the assignment after the date of acceptance hereof. Among the terms and conditions of any such recognition is that the account cannot be terminated by notice from payee unless all assignees join in the notice.

**Amendment.** With the bank's approval, instruction may be amended.

**Deposited document.** Bank is not required to determine (or consider) the effectiveness, correctness, validity, adequacy, or appropriateness, of any document deposited.

**Notice to bank.** Bank is deemed to have notice only when notice is actually is received at its Escrow Department office, which does not include any branch office of bank.

**"No Balance" payment arrangement.** References throughout these instruction s to interest, principal, and payoff are in-applicable if the payment arrangement is of the "no balance" type. Instead of being applied to balances, money is directly allocated to installments.

**Claim against bank after termination.** A claim against bank is unenforceable unless an action is commenced within 90 days after termination.

**Bank's liability.** Bank's failure to perform or fulfill the covenants or conditions hereof is not actionable unless it is willful or constitutes gross negligence.

**Entire agreement.** These instructions constitute the entire agreement. Bank has not made representations or assurances not stated herein.

**Singular includes plural.** wherever the context requires, the singular includes the plural.

**Multiple payee.** Where there is more than one payee, notice to the prime payee is notice to all of them. The payee whose name appears first on these instructions is the prime payee unless bank is advised in writing by all payees. notice includes demand.

**Electronic Funds Transfer.** Disbursement will be governed by the rules of the Northwest Clearing House Associates then in effect. If a check or other item upon which EFT disbursement was based is not collected, you may recover from the undersigned by an adjusting debit entry, which you are hereby authorized toinitiate in accordance with said rules. The undersigned will hold you harmless from, and will defend and indemnify you against, any and every claims or loss that may arise from your complying with this authorization. Acceptance of these instructions by The First National Bank Alaska is subject to acceptance of the EFT disbursement by the receiving financial institution. In accordance with the said rules, The First National Bank Alaska will send a pre-note test to the receiving financial institution, and if such test is accepted, these instrucions will be implemented within 20 days of receipt. In the event the receiving financial institution will not accept the pre-note test, and upon notification to the undersigned, alternate written disbursement instructions will be provided.

Please initial here: Payee CB Payee [illegible]

Prepared by: D.J. Webb Company: Fidelity Title Agency of Alaska on 11/22/04
Mailing Address: 1400 W. Benson Blvd, #525, Anchorage, AK 99503
Company Reference Number: F3520

EXHIBIT J
PAGE 5 OF 20

# First National Bank Alaska

## Escrow Instructions - Exhibit E

(partial release)

Dated: November 22, 2004 Account No.: [redacted]

*(check squares or fill in blanks only if applicable - do not alter form or refer to provisions of other documents)*

To **The First National Bank Alaska**: The following are instructions for partial release of collateral. Upon written request of payer (and any of the payers), execute (if applicable) and deliver a partial release document.

**SECTION 1**

Base a release on principal reduction (the difference between beginning and current principal not used for previous releases). For purposes of this exhibit, beginning principal is

☒ the beginning principal stated in the payment arrangement.
☐ the beginning principal stated in the payment arrangement plus $ ________ ("down payment credit").
☐ $ ________

**Complete 2A, 2B, or 2C.**

**SECTION 2A** **(subdivided property)**

The lots, tracts, or units that will be released are shown on the attached copy of a recorded plat signed by payer and payee

☐ described as follows: ________

*(designate as parcels 1, 2, 3, etc.)*

Do not honor a request for release **unless**

(1) principal has been reduced by the amount stated on said copy of plat or stated below:

| Parcel Numbers | Amount | Parcel Numbers | Amount |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |

(2) the order in which releases occur is in accordance with the following (*complete only if there is a restriction on payer's choice*): ________

**SECTION 2B** **(unsubdivided property)**

The lots, tracts, or units that will be released will be in a future subdivision of the following property: Tract B Muldoon Estates.

Do not honor a request for a release **unless**

(1) as to **all** of the property, principal has been reduced $ ________ times the number of ☐ acres ☐ square feet ☐ front feet in the lot, tract, or unit to be released [*complete only if there is one formula - if there are two formulas, use (2)*];

(2) as to **part** of the property, principal has been reduced $ 1.50 times the number of ☐ acres ☒ square feet ☐ front feet (the **rest** of the property, $ 5.00 times the number of ☐ acres ☒ square feet ☐ front feet) in the lot, tract or unit to be released;

(3) the order in which releases occur is in accordance with the following (*complete only if there is a restriction on payer's choice*): Lots zoned B-3 shall be released at $5.00 per square foot.

(4) the area quantity used in the above formula(s) is at least ________ ☐ acres ☐ square feet ☐ front feet.

**SECTION 2C** **(other releases)**

The following items will be released ________

Do not honor a request for release **unless** principal has been reduced by the following amounts:

| Item | Amount | Item | Amount |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |

***The terms and conditions on the reverse side are part of your instructions.**

Alasa Greenhouses, Inc.

s/ [signature], Payer

s/ [signature] by [signature], Payer

s/ [signature] Wayne Leiser, Ex. Comm. Member, Payee

s/ [signature] Carole F. Benson, ~~Vice President~~ Treasurer CB, Payee

***Warning: Money paid in connection with a request for a release is applied to interest and principal and satisfies installments in accordance with the payment arrangement.***

[signature]
Carl M. Benson, Secretary



©1983 The First National Bank Alaska

EXHIBIT J
PAGE 6 OF 20

**Notice of Bank's authority.** Payee and / or payer will notify others of bank's authority to ex[illegible]ute and deliver documents of release.

**Condominium units.** The word "unit", as used herein, refers to a condominium unit or apartment. The words "recorded plat", when used in connection with "unit", refer to a survey map, floor plan, or other material that corresponds to a recorded plat.

**Delinquency.** Bank will not honor a request for a release if the account is delinquent.

**Quantities (unsubdivided property).** Bank will not honor a request for a release unless it is provided with a copy of a recorded subdivision plat, signed either by payer and payee or by a registered civil engineer or surveyor who is not a payer,

(a) designating the part of the platted land to which each of two formulas applies

(b) stating each quantity (area or distance) to be used in a formula (such quantity to include the effect than any street, park, or common area may have on the measurement);

**or** it is provided with a copy of a recorded subdivision plat (or waiver of platting requirements), signed by payer and payee, stating the amount that principal must be reduced as to each lot, tract, or unit.

**Release Data.** Bank is not required to determine the correctness of data or material furnished.

Please initial here: Payer [initials] Payer [initials] Payee ________ Payee ________



©1983 The First National Bank Alaska

2006-019138-0
ALASKA
Recording Dist: 301 - Anchorage
3/28/2006 2:54 PM Pages: 1 of 5





STEWART
67549

OC

**REAL ESTATE CONTRACT AGREEMENT FOR DEED**

THIS AGREEMENT, is made and entered into on October 24. 2005, ~~2005~~, by and between: **Joe W. Bryant** (50% owner) and **Thomas M. Cody IV** (50 % owner)(represented by **Nada Mortenson,** Conservator for Thomas M. Cody IV), ("SELLERS"), and **Gary D. Depue** and **Pamela J. DePue** ("PURCHASERS")

PURCHASERS, in accordance with the terms and conditions of this AGREEMENT, hereby agree to purchase and pay for certain real property situated in the Anchorage Recording District, Third Judicial District, State of Alaska, described as follows:

> Lot Thirty-Eight (38), Dowling Subdivision, according to the official plat thereof, filed under Plat. No. P-250-B, in the records of the Anchorage Recording District, Third Judicial District, State of Alaska. ("PROPERTY")

SUBJECT TO: Deeds of Trust of Record, taxes, assessments, rights, rights of way, easements, building restrictions and reservations, conditions and restrictions of record. The PURCHASERS will not become the vested owners of record of the PROPERTY until the debt herein referenced, has been paid in full and all of the conditions of this AGREEMENT have been fulfilled.

**SELLERS' OBLIGATIONS:** SELLERS warrant that they have disclosed to PURCHASERS any physical or legal defects in the PROPERTY known to them at the time of the sale. SELLERS are to obtain a policy of title insurance at their expense.

SELLERS further warrant that during the term of this AGREEMENT, they will not cause or create any additional liens or encumbrances on this property and will protect the PURCHASERS against third-party interests, attachments or liens.

SELLERS, in consideration of the promises and agreements of PURCHASERS contained herein, agree to permit PURCHASERS full and complete possession of the PROPERTY, until all the terms and conditions of this AGREEMENT have been fulfilled and the title deed delivered or until default occurs as herein described.

**ATTORNMENT:** All existing leases or subleases concerning the PROPERTY shall be assigned to PURCHASERS effective November 1, 2005. Additionally, any security deposits given to SELLERS for such leases or subleases, shall be paid to PURCHASERS no later than December 15, 2005.

**PURCHASERS' OBLIGATIONS:** In consideration of the mutual promises, PURCHASERS, agree as follows:

***DISCLAIMER OF IMPLIED WARRANTIES: PURCHASERS agree that they, or their agents, have had ample opportunity to inspect the PROPERTY. They agree that they are purchasing the PROPERTY without any warranties except as made in writing in this AGREEMENT. PURCHASERS agree to purchase the PROPERTY AS-IS. They further agree that SELLERS have made no warranties concerning the appropriateness of the PROPERTY for any particular use.***

**PAYMENTS:** Earnest money and down payment, in the amount of ten dollars ($10) has been paid on or before the signing of this contract. PURCHASERS agree to pay the balance



EXHIBIT J
PAGE 8 OF 20

remaining of two million three hundred thousand dollars (less the $10 down, $2,299,990) in monthly payments of $16,500 or more, including interest at the rate of seven and one-half percent (7 ½ %) per annum compounded monthly on any unpaid principal or interest. Interest is to accrue from October 15, 2005, with the first payment due the 15th day of November, 2005, and a like sum on the 15th day of each month thereafter, until the remaining principal and interest is paid in full. PURCHASERS agree that both Gary D. Depue and Pamela J. DePue shall be jointly and severally liable to pay this debt.

**LATE PAYMENTS:** Should PURCHASERS be more than 10 days late in their monthly payment, a late charge of 5% shall be assessed on the late payment. Payments shall be paid into a collection account with First National Bank of Alaska, Escrow Collection Department. The set-up fee and annual fees for this service shall be paid by PURCHASER. Payments are considered made on the date they are received by First National Bank.

**PRE-PAYMENT PENALTY:** If this obligation is paid in full on or before the end of the 15th year (December 31, 2020), all interest that would have been paid in accordance with the payment schedule contained herein shall be due as a prepayment penalty.

**TAXES, COSTS AND MAINTENANCE:** PURCHASERS are to pay all taxes and assessments that may be levied against the property and to allow no liens or encumbrances of any kind to attach to the property. Additionally, during the term of this AGREEMENT, PURCHASERS agree to hold the SELLERS harmless from any liability arising out of PURCHASERS full and complete possession of the PROPERTY. PURCHASERS are to pay for a tax service report that will notify SELLERS of the non-payment of any real estate taxes and/or assessments. PURCHASERS shall also maintain PROPERTY in good repair, at PURCHASERS' expense. PURCHASERS shall take no actions that create waste or adversely affect the value of the PROPERTY.

**INSURANCE:** PURCHASERS shall keep all buildings now erected on the PROPERTY continuously insured against loss by fire or other hazards, in an amount not less than the maximum insurable value or the remaining amount secured by this AGREEMENT, whichever is less. Additionally, PURCHASERS shall maintain not less than the currently held amount of liability insurance covering all persons and their belongings on or connected with the PROPERTY. All policies shall be held by, and paid for by PURCHASERS, listing SELLERS (Joe W. Bryant, Thomas M. Cody IV, and Nada Mortenson) in first lien position and/or as additional insureds. All required policies shall contain provisions to immediately notify SELLERS in the event the policy is cancelled or suspended for any reason. Failure to maintain the required policies shall constitute a DEFAULT and automatically entitle SELLERS to secure insurance and add back the costs to the note balance with escrow collection agent without approval of PURCHASER.

**ESCROW:** This original signed Real Estate Contract, together with an executed Fulfillment Warranty Deed, conveying marketable title in fee simple and a Reverter Quit Claim to release PURCHASERS' interest in the case of a DEFAULT by PURCHASERS, subject to all reservations, exceptions, servitudes and restrictions of record, shall be held in escrow to be delivered to PURCHASERS upon making payment in full under the terms of this real estate contract. The collection agent, First National Bank of Alaska, will be instructed to send a payment book to PURCHASERS and to send them an annual statement showing the amount of interest and principal paid on the contract for that year.






EXHIBIT J
PAGE 9 OF 20

**DEFAULT.** It is agreed that if PURCHASERS shall be delinquent by ninety (90) days or more with any payment, this will constitute a DEFAULT of this AGREEMENT, and no waiver of said DEFAULT having been granted, SELLERS shall have the right to withdraw all documents from the collection agent and to re-enter the PROPERTY and retake possession of the PROPERTY and end this AGREEMENT. In this event, PURCHASERS shall not be entitled to any refund of any payments made up to that date, and no notice of DEFAULT shall be required. ***PURCHASERS AGREE THEY ARE AWARE OF AND UNDERSTAND THESE DEFAULT PROVISIONS AND AGREE TO THEM.***

**ASSIGNEMNT:** PURCHASERS may not assign this AGREEMENT without the written consent of SELLERS, which shall not be unreasonably withheld.

**SEVERABILITY**: Should any term(s) of this AGREEMENT be deemed illegal or unenforceable by a court or governmental entity, the remainder of this AGREEMENT shall continue in full force and effect, interpreted logically without the severed term.

**ENTIRE AGREEMENT:** This written document, together with any attachments hereto signed by all parties, constitutes the entire AGREEMENT of the parties. THERE ARE NO ADDITIONAL TERMS, ORAL OR OTHERWISE, AND ANY AGREEMENTS MADE PRIOR TO THIS CONTRACT ARE NO LONGER IN EFFECT AND ARE HEREBY INTEGRATED INTO THIS AGREEMENT. Any waivers of, or modifications to, the terms of this AGREEMENT must be in writing. Failure of any party to enforce or insist on any of the terms of this AGREEMENT on one or more occasions shall not constitute waiver of that term.

The above terms and conditions are hereby agreed to by:

**SELLER:** [signature] dated, March 13, 2006;
Joe W. Bryant

**PURCHASERS:**

[signature] dated, 3-23, 2006;
Gary D. Depue

[signature] dated, 3-23-, 2006;
Pamela J. Depue

SUBSCRIBED AND SWORN to before me this 13th day of March, 2006, at Stewart Title.

[signature]
NOTARY PUBLIC in and for Alaska
My commission expires Jan 8, 2008



3 of 5
2006-019138-0

EXHIBIT J
PAGE 10 OF 20

Nada Mortenson (Conservator)

SELLER: Thomas M. Cody IV dated, 2/8, 2006;
Nada Mortenson (Conservator for Thomas M. Cody IV)

SUBSCRIBED AND SWORN to before me this 8 day of February, 2006, at VillageBank.

Desiree L. Coons
NOTARY PUBLIC in and for Anoka County State of Minnesota
My commission expires 1-31-08

DESIREE L. COONS
Notary Public
Minnesota
My Commission Expires January 31, 2008



4 of 5
2006-019138-0

EXHIBIT J
PAGE 11 OF 20

STATE OF ALASKA )
) ss:
THIRD JUDICIAL DISTRICT )

The foregoing REAL ESTATE CONTRACT was signed and acknowledged before me, a notary public for Alaska, this 23rd day of March, 2006, by Gary D. Depue and Pamela J. Depue.

STATE OF ALASKA
NOTARY PUBLIC
Kimberly Mulkey
My Commission Expires Feb. 21, 2009

Kimberly Mulkey
Notary Public in and for Alaska
My commission expires: Feb 21, 2009

STATE OF ALASKA )
) ss:
THIRD JUDICIAL DISTRICT )

The foregoing REAL ESTATE CONTRACT was signed and acknowledged before me, a notary public for Alaska, this ________ day of ________________, __________, by ____________________ ________________________________________.

________________________________
Notary Public in and for Alaska
My commission expires: __________

After Recording Return To:
First National Bank Alaska
1751 Gambell
Anchorage AK 99501






EXHIBIT J
PAGE 12 OF 20

2004-087040-0
ALASKA
Recording Dist: 301 - Anchorage
11/23/2004 10:09 AM Pages: 1 of 5

F3520/DS

# DEED OF TRUST

This Deed of Trust, made this 22nd day of November 2004, between JOE BRYANT, a single person, and THOMAS MICHAEL CODY, IV, a single person, herein called TRUSTOR, whose mailing address is:



FIDELITY TITLE AGENCY OF ALASKA, LLC, herein called TRUSTEE, and

ALASKA GREENHOUSES, INC., an Alaska corporation, herein called BENEFICIARY, whose mailing address is:



WITNESSETH: That Trustor GRANTS, BARGAINS, SELLS, and CONVEYS TO TRUSTEE IN TRUST WITH POWER OF SALE, that property in the Anchorage Recording District, Third Judicial District, State of Alaska, described as:

Tract B, MULDOON ESTATES, according to the official plat thereof, filed under Plat Number 71-113, Records of the Anchorage Recording District, Third Judicial District, State of Alaska; and

Lot 38, DOWLING SUBDIVISION, according to the official plat thereof, filed under Plat Number P-250-B, Records of the Anchorage Recording District, Third Judicial District, State of Alaska,

TOGETHER with the tenements, hereditaments, and appurtenances thereunto belonging, or in anywise appertaining, the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits; to have and to hold the same, with the appurtenances, unto the Trustee.

FOR THE PURPOSE OF SECURING: (1) Performance of each agreement of Trustor herein contained; (2) Payment of indebtedness evidenced by one promissory note of even date herewith, in the Principal sum of $1,300,000.00 payable to Beneficiary or order.

A. To protect the security of this Deed of Trust, Trustor agrees:

1. Care. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to do all other acts which from the character or use of said property may be reasonably necessary.

2. Insurance. Trustor shall provide, maintain and deliver to Beneficiary fire and extended coverage insurance policies with loss payable to Beneficiary in an amount not less than the full insurable value covering all improvements on the real property. All insurance shall be carried in companies approved by Beneficiary, shall be for such period of time as shall be acceptable to Beneficiary, with loss payable clauses (without contribution) in favor of, and in form satisfactory to Beneficiary and shall provide that it may not be cancelled without thirty (30) days prior notice to Beneficiary. Trustor shall deliver all insurance policies to Beneficiary, which delivery shall constitute an assignment to Beneficiary of all return premiums. In the event of foreclosure of this Deed of Trust or other transfer of title of said property in extinguishment of some or all of the obligations secured by the Deed of Trust, all interest of Trustor in any insurance policies in force shall pass to the purchaser or the Trustee. Trustor will reimburse Beneficiary for any premiums



PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

paid for such insurance by Beneficiary upon Trustor's default in so insuring the buildings or other improvements or default in assigning and delivering such insurance policies to Beneficiary so endorsed. The amount collected under any fire or other insurance policy may be applied to the by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3. Defend. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary, or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4. Taxes. To pay: at least ten days before delinquency all taxes and assessments affecting said property; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs fees and expenses of this Trust.

5. Expenditures. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof with interest from date of expenditure at the rate set forth in the promissory note secured hereby.

6. Protection of Security. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay reasonable attorneys' fees.

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

B. It is mutually agreed that:

1.Condemnation. Any award or damages in connection with any condemnation for public use of or injury to said property or any part thereof, is hereby assigned and shall be paid to Beneficiary who may apply or release such monies as received in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2. No Waiver. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive the right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

3. Trustee Special Powers. At any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey all or any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4. Reconveyance. Upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in any reconveyance executed under this Deed of Trust of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

5. Additional Security. As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or





by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue for or otherwise collect such rents, issues and profits, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6. Default.
a. Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of its election to cause to be sold the herein described property to satisfy the obligation hereof, and shall cause such notice to be recorded in the office of the recorder of each recording precinct wherein said real property or some part thereof is situated.

b. Notice of sale having been given as then required by law and not less than the time then required by law having elapsed after recordation of such notice of default, Trustee, without demand on Trustor, shall sell said property at the time and place of sale fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest and best bidder for cash in lawful money of the United States, payable at time of sale. Notwithstanding the foregoing the Beneficiary shall be entitled to enter an offset bid at the time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement. Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor or Beneficiary, as hereunder defined, may purchase at such sale.

c. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof not then repaid with accrued interest at the rate set forth in the promissory note secured hereby; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

7. Binding. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the holder and owner, including pledgee, of the note secured hereby, whether or not named as a Beneficiary herein, or, if the note has been pledged, the pledgee thereof. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

8. Acceptance. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party.

9. Substitute Trustee. Beneficiary may, from time to time, as provided by statute, appoint another Trustee in place and stead of Trustee herein named, and thereupon, the Trustee herein named shall be discharged and Trustee so appointed shall be substituted as Trustee hereinunder with the same effect as if originally named Trustee herein.

10. Maturity. For the purpose of AS 34.20.150, the period of this Deed of Trust and the date when this Deed of Trust matures is three (3) years after the due date of the Deed of Trust Note secured hereby, and in the event no date is stated then forty (40) years after the date of this Deed of Trust.

11. Remedies. The power of sale conferred by this Deed of Trust and permitted by the laws of the State of Alaska is not an exclusive remedy and when not exercised, Beneficiary may foreclose this Deed of Trust judicially or seek any other remedy available at law or permissible by the terms of this Deed of Trust or any agreement incorporated herein.





C. SPECIAL CONDITIONS AND COVENANTS:

1. This Deed of Trust is to be held by First National Bank Alaska.

2. Parcel Two of this Deed of Trust is subject and inferior to that certain Deed of Trust WHEREIN Joe W. Bryant and Thomas M. Cody, IV, who acquired * appears as Trustor, STEWART TITLE OF ALASKA, appears as Trustee, for the benefit of FIRST NATIONAL BANK ALASKA, in the original amount of $1,000.000.00, together with any other amounts due thereunder, recorded November 22, 2004, Serial No. [redacted], records of the Anchorage Recording District, Third Judicial District, State of Alaska.

*title as Tom Cody IV

3. A breach in performance of [or an extension of credit to more than $1,000,00.00 on] the obligation senior to this Deed of Trust referenced in paragraph C. 2 above shall be considered a breach of Trustor's obligations herein.

4. Release Provisions.

a. If no monetary or non-monetary default exists under the terms of this Deed of Trust, the Trustor (Borrower) shall be entitled to a partial release of any lots or land parcels, with the exception of the land zoned B-3, for $1.50 per square foot in principal reduction, and $5.00 per square foot in principal reduction of the promissory note secured hereby for the land zoned B-3. No portion of the down payment shall apply toward such releases. All payments to principal shall apply toward releases. All lots and land parcels released to be at the choice of the Trustor. A release shall not relieve buyer of the next monthly payment due. Trustor (Borrower) shall bear all costs of said partial releases and any other costs incidental thereto.

b. Beneficiary/Seller hereby irrevocably appoints and authorizes the First National Bank Alaska, or any bank subsequently authorized to hold the note for collection, to act as their agent for the purpose of executing and delivering partial requests for reconveyance in accordance with this agreement. Both parties to this agreement specify that the escrow agent shall be held harmless from any liability as to computation of the amount to be collected for each release.

c. All releases, if necessary, shall provide for necessary ingress and egress to the remaining property, with proper roadways, easements, rights of way, and utility easements.

5. Notwithstanding Paragraph 4 with regard to partial releases, Trustor hereby agrees and promises that they will not allow any wrap or assumption of this Deed of Trust, or the Deed of Trust Note secured hereby, by any other entity; it being the intent of the parties that upon any sale or transfer of whole or in part of the property, this Deed of Trust shall be paid in whole on in part.

TRUSTOR:

[signature]
JOE BRYANT

[signature]
THOMAS MICHAEL CODY, IV, by JOE BRYANT, his attorney-in-fact

BENEFICIARY:

ALASKA GREENHOUSES, INC., an Alaska corporation

[signature]
BY: WAYNE LEISER
ITS:

[signature]
BY: CAROLE F. BENSON
ITS: ~~VICE PRESIDENT~~ Treasurer CB

[signature]
BY: CARL M. BENSON
ITS: SECRETARY

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613




4 of 5
2004-087640-0

EXHIBIT J
PAGE 16 OF 20

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by JOE BRYANT, individually, and as attorney-in-fact for THOMAS MICHAEL CODY, IV.

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by WAYNE LEISER, Ex. Committee Member, of ALASKA GREENHOUSES, INC., an Alaska corporation, on behalf of the corporation.

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by CAROLE F. BENSON, ~~Vice President~~ Treasurer of ALASKA GREENHOUSES, INC., an Alaska corporation, on behalf of the corporation.

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

The foregoing instrument was acknowledged before me this 22nd day of November 2004 by CARL M. BENSON, Secretary of ALASKA GREENHOUSES, INC., an Alaska corporation, on behalf of the corporation.

D. J. WEBB NOTARY PUBLIC STATE OF ALASKA

Notary Public in and for Alaska
My Commission Expires: 1/22/2005

After recordation return to:
First National Bank Alaska Escrow Dept.
P.O. Box 100720, Anchorage, AK 99510

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613





**DEED OF TRUST NOTE**

$1,300,000.00

November 22 2004
Anchorage, Alaska

FOR VALUE RECEIVED, the undersigned Borrowers (Trustor), JOE BRYANT, a single person, and THOMAS MICHAEL CODY, IV, a single person, jointly and severally, promise to pay ALASKA GREENHOUSES, INC., an Alaska corporation, Lender (Beneficiary) or order, the principal sum of One Million Three Hundred Thousand Dollars and No Cents ($1,300,000.00), together with interest as hereinafter set forth:

Quarterly payments in the amount of Twenty-five Thousand Dollars and No Cents ($25,000.00), including interest at the rate of Seven and One-half percent (7.5%) per annum, are due beginning the 23 day of February 2005, and like payments on the 23 day of May 2005 day of August, 2005 day of November and 23 day of February of each and every succeeding year thereafter. All sums remaining due of principal and interest shall be paid in full on or before the 23 day of November 2006. Interest shall accrue on said indebtedness beginning the 23 day of November 2004. NOTE: There shall be no prepayment penalty.

The holder of this Note may cause additional parties to be added hereto or release any party hereto, either with or without notice to the undersigned, either as co-maker, endorsers or guarantors, or may extend the time for making any installment provided for herein, or may accept said installment in advance, all without affecting the liability of the undersigned.

Should suit be commenced to collect this Note or any part hereof, the undersigned agree to pay, in addition to the costs and disbursements provided for by statute, a reasonable sum as attorneys' fees in such suit, plus any actual expenditures incurred to secure the payment of or to collect this Note.

The undersigned hereby waive demand, protest and notice of demand, protest and nonpayment. The undersigned hereby consent to the acceptance of further security, including other types of security, all without in any way affecting the liability of such parties and expressly agree that this Note or any part hereunder may be extended from time to time.

If default be made in the payment of any installment due under this Note secured by a Deed of Trust of even date herewith, which default is not cured within thirty (30) days after due date, then the entire principal sum and accrued interest due under this Note shall become at once due and payable at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

This Note is secured by a Deed of Trust of even date herewith on certain real property in the Anchorage Recording District, Third Judicial District, State of Alaska, which property is described as:

Tract B, MULDOON ESTATES, according to the official plat thereof, filed under Plat Number 71-113, Records of the Anchorage Recording District, Third Judicial District, State of Alaska; and

Lot 38, DOWLING SUBDIVISION, according to the official plat thereof, filed under Plat Number P-250-B, Records of the Anchorage Recording District, Third Judicial District, State of Alaska.

The Borrowers (Trustor) are personally obligated and fully liable for the amount due under the Note. The Lender (Beneficiary) has the right to sue on the Note and obtain a personal judgment against the Borrowers for satisfaction of the amount due under the Note either before or after a judicial foreclosure of the Deed of Trust under A.S. 09.45.170 - 09.45.220.

JOE BRYANT

THOMAS MICHAEL CODY, IV, by
JOE BRYANT, his attorney-in-fact

by Joe Bryant

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

EXHIBIT J

**REQUEST FOR PARTIAL RECONVEYANCE**

Date: ________________ Anchorage, Alaska

TO: FIDELITY TITLE AGENCY OF ALASKA, LLC

You are hereby requested to execute and deliver to the party or parties entitled thereto a reconveyance under that Deed of Trust dated the 22 day of November 2004, and recorded the 23 day of November 2004, Serial Number 2004-087640-0, in the records of the Anchorage Recording District, Third Judicial District, State of Alaska, executed by JOE BRYANT, a single person, and THOMAS MICHAEL CODY, IV, a single person, as Trustor, to FIDELITY TITLE AGENCY OF ALASKA, LLC, as Trustee, for the benefit of ALASKA GREENHOUSES, INC., an Alaska corporation, as Beneficiary, that certain property described as:

The undersigned hereby advises that the note secured hereby together with interest earned and any advances shown to us to be made of buyer on behalf of Beneficiary has been PARTIALLY paid so as to allow this release.

BENEFICIARY:

ALASKA GREENHOUSES, INC.,
an Alaska corporation

[signature]
BY: WAYNE LEISER
ITS:

[signature]
BY: CAROLE F. BENSON
ITS: ~~VICE PRESIDENT~~ Treasurer CB

[signature]
BY: CARL M. BENSON
ITS: SECRETARY

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613

**REQUEST FOR RECONVEYANCE**

Date: ____________________ Anchorage, Alaska

TO: FIDELITY TITLE AGENCY OF ALASKA, LLC

You are hereby requested to execute and deliver to the party or parties entitled thereto a reconveyance under that Deed of Trust dated the 22nd day of November 2004, and recorded the 23 day of November 2004, Serial Number [redacted], in the records of the Anchorage Recording District, Third Judicial District, State of Alaska, executed by JOE BRYANT, a single person, and THOMAS MICHAEL CODY, IV, a single person, as Trustor, to FIDELITY TITLE AGENCY OF ALASKA, LLC, as Trustee, for the benefit of ALASKA GREENHOUSES, INC., an Alaska corporation, as Beneficiary, that certain property described as:

Tract B, MULDOON ESTATES, according to the official plat thereof, filed under Plat Number 71-113, Records of the Anchorage Recording District, Third Judicial District, State of Alaska; and

Lot 38, DOWLING SUBDIVISION, according to the official plat thereof, filed under Plat Number P-250-B, Records of the Anchorage Recording District, Third Judicial District, State of Alaska.

The undersigned hereby advises that the note secured hereby together with interest earned and any advances shown to us to be made of buyer on behalf of Beneficiary has been paid in full.

BENEFICIARY:

ALASKA GREENHOUSES, INC.,
an Alaska corporation

BY: WAYNE LEISER
ITS:

BY: CAROLE F. BENSON
ITS: VICE PRESIDENT

BY: CARL M. BENSON
ITS: SECRETARY

PRICE & PRICE
COUNSELORS & ATTORNEYS AT LAW
1400 W. BENSON BLVD. SUITE 525
ANCHORAGE, ALASKA 99503
PH. (907) 277-6666 • FAX (907) 277-6613