NELSON P. COHEN
United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cv-118-RRB |
| ) | |
| Plaintiff, ) | **UNITED STATES' OPPOSITION TO** |
| ) | **CLAIMANT AND INTERVENOR,** |
| v. ) | **ALASKA GREENHOUSES' MOTION** |
| ) | **FOR SUMMARY JUDGMENT, AND** |
| THREE PIECES OF REAL ) | **UNITED STATES' MOTION TO** |
| PROPERTY LOCATED AT ) | **ALLOW DISCOVERY UNDER CIVIL** |
| 1301 MULDOON ROAD, ) | **RULE 56(f)** |
| ANCHORAGE, ALASKA 99504, ) | |
| 1625 E. 64th AVENUE, ) | |
| ANCHORAGE, ALASKA 99507, AND ) | |
| NHN HILLCREST S/D 8 LOTS, ) | |
| ANCHORAGE, ALASKA 99515, ) | |
| ) | |
| Defendants. ) | |
| ) | |

COMES NOW Plaintiff United States of America, by and through counsel, and hereby opposes the motion for summary judgment and requests that the Court allow the United States time to obtain some discovery (none has been provided to date).  The motion

is premature, unnecessary in light of the government's previously-stated position, and would only afford incomplete relief, even if granted.

The United States filed its forfeiture complaint in May 2006. On July 28, 2006, movant filed a notice of default, announcing its intent to attempt a non-judicial foreclosure of the Muldoon Estates property, which is one of the properties named as forfeitable in the government's complaint. Movant did not even seek this Court's permission to pursue that relief, which squarely implicates the same property involved in this action.

The undersigned has advised counsel for movant that the relief sought by the motion is unnecessary. Counsel was asked to withdraw the motion, but would not do so. Counsel was told that the United States is required to pay all valid liens upon real property forfeited and then sold by the government. Payment comes from the proceeds of sale. All parties agree that the subject property will easily generate proceeds sufficient to pay movant's interest entirely, including deed of trust legal fees, and back taxes. At least as to the "takings" argument and the government's lis pendens, the motion is unnecessary. Apparently, counsel for movant does not doubt that Alaska Greenhouses will be paid; he simply wants the money before the forfeiture proceedings have been fully litigated.[1]

---

[1] Another benefit accruing from denial of the motion and allowing some time for discovery would be a possible settlement structured around a government motion for interlocutory sale of the property. This is actively being discussed, in good faith, by the parties. Essentially, the idea would be that Alaska Greenhouses (a complicated multi-partner entity which is not relishing the prospect of lengthy forfeiture litigation when by every indication it was not involved in the Cody/Bryant conspiracy) would be excused from this lawsuit by a pre-forfeiture sale. The sale proceeds would pay off their deed of trust and allow the balance (representing the allegedly forfeitable equity of Cody and

This is understandable.  However, the government is entitled under Federal Rule of Civil Procedure 56(f) to at least some discovery before being required to oppose, on the merits, a dispositive motion.  FRCP 56(f).  Because there is a parallel criminal case (related) pending, No. 3:06-cr-041-RRB, evidence as to the forfeitability of this land continues to be developed, through document review, interviews and other investigation.  The motion cannot possibly resolve (and does not even purport to) the forfeitability of the property.  Apparently, movant simply wants to be assured that its lien will be paid – which it will be, if and when the property is sold by the government.  Furthermore, the motion should be denied because movant's affidavits go to the "innocent owner" defense, which is largely irrelevant to a determination of the forfeitability of the property.  This is an <u>in rem</u> action, in which the property is allegedly forfeitable because it was bought with the proceeds of and/or was used for drug trafficking.

It must also be noted that this property would have been indicted and forfeited criminally (in which case, Alaska Greenhouses would have **no choice** but to wait until post-conviction ancillary proceedings were instituted, before even asserting its claim), but for Mr. Cody's disappearance and Mr. Bryant's suicide.  Their deaths precluded criminal prosecution, and therefore, criminal forfeiture of their property.  It is a procedural fluke that

---

Bryant) to remain in the court registry for forfeiture litigation.  The city of Anchorage would be the buyer.

these forfeiture proceedings are civil in character.

The day may come when the United States moves this Court to enjoin the non-judicial foreclosure sale, currently scheduled for October 26, 2006.  Exhibit 1.  Unless the parties' current negotiations result in a settlement, such relief may be necessary in order to protect the government's interest in forfeiting the equity in the land owned by two deceased marijuana conspirators (Cody and Bryant), whose interest was financed in part by movant, and subsequently optioned to the Municipality of Anchorage by Cody and Bryant.  See e.g., United States v. Real Property at 2659 Roundhill Drive, 283 F.3d 1146 (9th Cir. 2001).  Alternatively, the United States may seek a declaration from this Court that the balance in excess of the lien amount at the non-judicial foreclosure sale is under arrest pursuant to the warrant of arrest in rem earlier issued in this case.

In the near future, the United States may also seek to stay the entire civil forfeiture action, pending resolution of the criminal case.  The government has the burden of showing the impact on the criminal case.  See e.g., United States v. All Funds ($357,000, $311.68), 2004 WL 1834589 (N.D. Tex. 2004); United States v. 228 Blair Avenue, 821 F.Supp. 893 (S.D.N.Y. 1993).  If the government successfully demonstrates some impact on the criminal case, a stay of the civil action is mandatory.  See e.g., United States v. All Funds On Deposit In Business Marketing Account, 319 F.Supp.2d 290 (E.D.N.Y. 2004).  Unfortunately, the United States cannot demonstrate the impact of the civil case on the criminal case, because

the criminal case is still generating evidence and plea agreements, and there has been absolutely no discovery allowed in the civil case. The Court has not set a time period for discovery under Rule 26. The parties have not met and conferred regarding discovery. No planning and scheduling conference has been held. Neither movant nor any of the numerous claimants to this land have provided the government with any discovery–all of which might be used in opposing the current motion for summary judgment. No initial disclosures have been made. No timetable has been set for dispositive motions. The government respectfully requests that the Court issue a pretrial order specifying the time which will be allowed for discovery and dispositive motions, such as the instant one.

Because no discovery has been conducted, and because the issues raised by the motion are either irrelevant or simply state the law (<u>i.e.</u>, that Alaska Greenhouses' lien, which certainly appears valid in all respects, will be paid from forfeiture proceeds), the motion should be denied. At best, it should be denied without prejudice to refiling, once the government has had a reasonable opportunity to obtain discovery from not only movant, but the estates of Cody, Bryant, the Municipality of Anchorage and others who have evidence going to the ultimate issue: the forfeitability of the property itself.

Finally, in the event that the Court decides a planning and scheduling conference would be appropriate, the parties will be prepared to address any issues not raised by the

instant motion, which is rather narrow in scope for planning purposes.

DATED this 29th day of September, 2006 in Anchorage, Alaska.

                                NELSON P. COHEN
                                United States Attorney

                                s/James Barkeley
                                JAMES BARKELEY
                                Assistant U. S. Attorney
                                Federal Building & U.S. Courthouse
                                222 W. 7th Avenue, #9, Rm. C-253
                                Anchorage, AK  99513-7567
                                Phone: (907) 271-3699
                                Fax: (907) 271-1500
                                Email: jim.barkeley@usdoj.gov
                                Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing
was served electronically, or via U.S. Mail if designated below,
this 29th day of September, 2006, on:

Eugene DeVeaux  (Counsel for Alaska Greenhouses)
DeVeaux & Associates
701 W. 41st Avenue, Suite 201
Anchorage, AK 9903-6604

Robert P. Owens
MOA–Department of Law
P.O. Box 196650
Anchorage, AK 99519-6650

John R. Beard (Counsel for FNBA)
425 G Street, Suite 630
Anchorage, AK 99501

Robert H. Schmidt (Counsel for David Faulk)
Groh Eggers, LLC
3201 C Street, Suite 400
Anchorage, AK 99503-3967

Charles G. Evans (Counsel for Don Smith)
Law Offices of Charles G. Evans
1351 Huffman Road, Suite 201
Anchorage, AK 99515

William Sherman (Counsel for Nada Mortenson & Thomas Cody IV Conservatorship)
645 G Street, Suite 100
Anchorage, AK 99501

David Bundy (Counsel for Kelly Bryant)
Allen N. Dayan & Associates
701 W. 4th Avenue, Suite 230
Anchorage, AK 99501

Gary D. De Pue  (served via U.S. Mail)
1625 E. 64th Avenue, #16
Anchorage, AK 99507

John W. & Luella Sutherland  (served via U.S. Mail)
P.O. Box 671950
Chugiak, AK 99567

s/James Barkeley