Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Nada Mae Mortenson and the Thomas M. Cody IV Conservatorship

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THREE PIECES OF REAL PROPERTY LOCATED AT 1301 MULDOON ROAD, ANCHORAGE, ALASKA 99504, 1625 E. 64th AVENUE, ANCHORAGE, ALASKA 99507, AND NHN HILLCREST S/D 8 LOTS, ANCHORAGE, ALASKA 99515,<br><br>Defendants. | Case No. A06-CV-00118 RRB<br><br>**DECLARATION OF RICHARD NOBLE** |

    I, Richard Noble, make the following declaration pursuant to 28 U.S.C. Section 1746:

    1.    I have personal knowledge of the contents of this declaration.

2. I am a licensed real estate broker and represent Tom Cody and Joe Bryant (and/or their successors ("Partners")) as their broker for 1301 Muldoon Road ("Property") and have done so pursuant to a signed Brokerage Agreement at all times since they purchased the Property. (See attachment to Statement of Interest of Richard Noble).

3. Under the terms of the Partners' purchase of the Property, they were obligated to make quarterly interest-only payments of $25,000 to Alaska Greenhouses, Inc. ("AGI").

4. Such payments were current up to May 25, 2006, when another $25,000 interest payment would have been due.

5. Due to issues arising from Mr. Bryant's death in May, 2006 and a pending sale to the Municipality of Anchorage ("MOA") of a part of the Property for $1.3 million, that was set to close on June 10, 2006, I met with Carl and Carole Benson at the office of their attorney, Eugene DeVeaux, on or about May 20, 2006, to negotiate forbearance of any interest payments that would have been due prior to the sale to MOA.

6. Following discussion with their attorney at that meeting, Mr. and Mrs. Benson, both officers of AGI, represented to me that AGI would suspend any payments due from the Partners until the contemplated sale to MOA closed.

7. It is my opinion that but for the intervening foreclosure action filed by the United States against the Property, the sale to MOA would have closed on June 10, 2006, paying off most of AGI's Deed of Trust.

8. I also had personal discussions with Mr. and Mrs. Butler concerning back municipal taxes due on the Property. Thus AGI was aware such back taxes were owed. Mr. and Mrs. Butler indicated to me that AGI was not concerned about such back taxes, as the tax lien would necessarily be satisfied as a condition to any sale of the Property, and because they were not directly costing AGI anything.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _16_ October, 2006.

_____
RICHARD NOBLE