NELSON P. COHEN
United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cv-118-RRB |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **JOINT MOTION FOR ORDER** |
| v. | ) | **AUTHORIZING INTERLOCUTORY** |
| | ) | **SALE OF MULDOON PROPERTY** |
| THREE PIECES OF REAL | ) | |
| PROPERTY LOCATED AT | ) | |
| 1301 MULDOON ROAD, | ) | |
| ANCHORAGE, ALASKA 99504, | ) | |
| 1625 E. 64th AVENUE, | ) | |
| ANCHORAGE, ALASKA 99507, AND | ) | |
| NHN HILLCREST S/D 8 LOTS, | ) | |
| ANCHORAGE, ALASKA 99515, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

   COME NOW plaintiff United States of America, by and through counsel, and

Claimants Kelly Bryant, Personal Representative of the Estate of Joe William Bryant,

Deceased, Nada Mortenson as Conservator for the Estate of Tom Cody, and the Municipality of Anchorage, by and through counsel, and hereby move this Court to order the interlocutory sale of the defendant real property ("the Muldoon property") described as:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1301 MULDOON ROAD, Anchorage, Alaska 99504, more particularly described as Tract B, Muldoon Estates, according to the official plat thereof, filed under Plat Number 71-113, Records of the Anchorage Recording District, Third Judicial District, State of Alaska.

This motion is filed pursuant to the Supplemental Rules For Certain Admiralty And Maritime Claims, G(7)(a) and (b) and E(9)(b), and 18 United States Code Section 983(j).

The parties to this motion appeal to the Court for immediate relief.[1] Even though the United States does not yet actually possess the Muldoon property, a warrant of arrest in rem is not required for jurisdiction to obtain under 18 U.S.C. section 985(c)(3), and the

---

[1] An immediate ruling on this motion is not necessary if this Court grants the currently-pending Motion to Stay Foreclosure Sale. If that motion is granted, the October 26, 2006 foreclosure deadline would be avoided. The Municipal Assembly will take some sort of formal action on the proposed $5 million purchase of the Muldoon property on October 24, 2006. The United States' suggestion is that this Court grant the stay, allow the City to act on October 24, and schedule a hearing on the instant Motion for Interlocutory Sale. At such a hearing, the Court could obtain the views of all the parties, and the details of the terms and conditions of the interlocutory sale could be set by the Court.

**On the other hand, if this Court denies the Motion to Stay the Foreclosure Sale, then the Court should immediately grant the instant motion authorizing the interlocutory sale (i.e., authorizing a sale prior to October 26, 2006). The major elements of such a sale ($5 million purchase price, payoff of AGI Deed Of Trust Note and payment of survey costs and delinquent real property taxes from sale proceeds) are set out in the proposed order filed herewith. The resolution of outstanding claims/liens against the substitute res balance would be preserved for future litigation.**

Supplemental Rules allow interlocutory sale by the parties who are in possession during forfeiture proceedings, in this case, by the owner/proposed seller (Bryant and Cody[2]) and the proposed buyer (Municipality of Anchorage).  By this motion, the parties are essentially asking the Court to allow the sale of the Muldoon property by Cody and Bryant to the Municipality for $5 million, with closing instructions calling for payoff of the AGI Deed Of Trust (approximately $1.3 million) and the balance to be deposited in the Court Registry as the substituted res in these forfeiture proceedings.  The forfeitability of the balance amount, and the validity of any liens attached thereto (e.g., a lien like Mr. Smith's claim which formerly attached to the Muldoon property and, post-interlocutory sale, would attach to the substitute res) would remain for litigation and final disposition.

## I.  PROCEDURAL HISTORY

The United States commenced this action on May 19, 2006 to forfeit the defendant real property for violation of federal law, namely: (a) constituting property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq., and is therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(7); and (b) constituting or was derived from proceeds traceable to a violation of 18 U.S.C. § 1956(a)(1)(B)(I), which is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7), and is therefore subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)©.  A Lis Pendens on the property was recorded on May 22, 2006 in the Anchorage Recorder's Office.

---

[2]The Cody Conservatorship joins in this request for an order authorizing interlocutory sale, but at the time of its filing, the Conservator was still negotiating with lien claimant Don Smith concerning the validity, magnitude and payoff amount of Smith's claim.

The United States served notice upon all persons and entities believed to have an interest in the Muldoon property by Certified U.S. Mail, Return Receipt Requested, and notice of this judicial forfeiture action was published in the Anchorage Daily News, a newspaper of general circulation, on June 22, June 29, and July 6, 2006.

The five claimants to the Muldoon property include: Nada Mortenson (Conservator for Thomas M. Cody, IV), Kelly Bryant (Personal Representative for Estate of Joe William Bryant), Municipality of Anchorage ("MOA"), Alaska Greenhouses, Inc. ("AGI"), and Don L. Smith.[3]  On June 7, 2006, Nada Mortenson filed a Statement Of Interest (dkt. 11); and on June 23, 2006, filed an Answer to the Verified Complaint For Forfeiture (dkt. 15).  On June 14, 2006, AGI filed a Motion To Intervene And Claim Property (dkt. 12); and on July 10, 2006, filed its Intervention Petition Claiming Property That The United States Of America Is Attempting To Forfeit (dkt. 19).  On June 19, 2006, Kelly Bryant filed a Motion To Intervene And Claim Property (dkt. 14), and on June 26, 2006, filed an Answer (dkt. 16).  On July 5, 2006, MOA filed its Verified Statement Of Interest (dkt. 17), and on August 3, 2006, filed its Answer (dkt. 34).  On July 28, 2006, Don L. Smith filed a Verified Statement Of Interest, and on August 11, 2006, filed an Answer (dkt. 37).

The land in question is encumbered by a Deed Of Trust with a balance of approximately $1,300,000.00, plus interest, costs and fees.  The holder of the Deed Of Trust,

---

[3]On August 1, 2006, Richard Noble (a real estate broker) filed a Statement Of Interest (dkt. 33), but he failed to file an answer as required pursuant to 18 U.S.C. § 983(a)(4)(B).

AGI, has declared the note to be in default and has noticed a non-judicial foreclosure sale for October 26, 2006. In addition, on September 12, 2006, AGI filed a Motion For Summary Judgment (dkt. 38) in this action, seeking acknowledgment of its right to proceed with foreclosure and sale free and clear of the Lis Pendens filed by the United States. Even though the parties are seeking authority for an interlocutory sale which would immediately pay the AGI lien, AGI has refused to postpone the October 26 foreclosure sale.

The MOA claims an interest in the Muldoon property by virtue of two contracts to purchase portions of Tract B. The contracts were executed in anticipation of the property being subdivided by Mr. Bryant and Mr. Cody, but the final plat was never filed and the parcel remains a unified whole. The MOA is prepared to purchase the whole parcel for its fair market value, but the opportunity to do so may be lost unless the Court authorizes the MOA to purchase the property so that the foreclosure can be avoided.

## II.  ARGUMENT

**A.    The Muldoon Property Should Be Sold In An Interlocutory Sale To Preserve Its Value Pending A Decision On The Forfeiture Claim**

When certain conditions are present, the Court has authority under three statutory provisions to order an interlocutory sale of property that is subject to civil forfeiture prior to a final adjudication on the government's forfeiture claim.

  1.    **Statutory Authority**

    a.    **Supplemental Rules For Certain Admiralty And Maritime Claims**

The Supplemental Rules For Certain Admiralty And Maritime Claims generally apply to civil in rem forfeitures. See 28 U.S.C. § 2461(b); United States v. $506,231 in United States Currency, 125 F.3d 442, 449, n.5 (7th Cir. 1997). Supplemental Rule A states that:

> These rules also apply to the procedure in statutory condemnation proceedings analogous to maritime actions *in rem*, whether within the admiralty and maritime jurisdiction or not. Except as otherwise provided, references in these Supplemental Rules to actions *in rem* include such analogous statutory condemnation proceedings.

Civil forfeiture actions are such "analogous statutory condemnation proceedings" covered by the Supplemental Rules. See United States v. All Right, Title and Interest et al., 1996 WL 695671 at 5 (S.D.N.Y. Dec. 5, 1996); see also United States v. U.S. Currency in the Amount of $2,857, 754 F.2d 208, 210 n.2 (7th Cir. 1984).

Supplemental Rule E(9)(b) provides:

> b.     Interlocutory Sales; Delivery.
>
> (I) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold–with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court–if:
>
> (A) the attached or arrested property is perishable, or liable to deterioration, decay or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.
>
> (c) Sales; Proceeds. All sales of property shall be made by the marshal or a deputy marshal, or by other person or organization having the warrant, or by any other person assigned by the court where the marshal or other person or

> organization having the warrant is a party in interest; and the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law.

See <u>Berryhill Farm Estates</u>, 128 F.3d 1389-90 (motion for interlocutory sale filed under Supp. R. E(9)(b); <u>United States v. 8 Princess Court</u>, 970 F.2d 1156, 1160 (2d Cir. 1992) (Supp. R. E(9)(b) authorized interlocutory sale).

Likewise, Supplemental Rule G(7) authorizes sales of property subject to forfeiture, provided that the proceeds are deposited into the Registry of the Court as substitute res subject to forfeiture in place of the property that was sold, providing:

> (a) Preserving and Preventing Criminal Use of Property. When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.
>
> (b) Interlocutory Sale or Delivery.
>
>> (I) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
>>
>>> (A) the property is perishable or at risk of deterioration, decay or injury by being detained in custody pending the action;
>>>
>>> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>>>
>>> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>>> (D) the court finds other good cause.
>>
>> (ii) Who Makes the Sale. A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.

>   (iii) Sale Procedures. The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.
>
>   (iv) Sale Proceeds. Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.
>
>   (v) *   *   *   *   *

Supplemental Rule G(7)(b). Supplemental Rule G is perfectly consistent with Supplemental Rule E on the issue of interlocutory sales of property.

    **2.**    **<u>Customs Laws</u>**

Other statutory authority for interlocutory sales is found in the customs statute, 19 U.S.C. § 1612(a). Section 1612(a) is incorporated with other pertinent customs statutes by 21 U.S.C. § 881(d), 18 U.S.C. § 981(d), and 18 U.S.C. § 2254(d) to the extent it is "applicable and not inconsistent" with those civil forfeiture provisions. See <u>United States v. One Parcel of Property Located at 414 Kings Highway</u>, 128 F.3d 125, 127 n.2 (2d Cir. 1997) (19 U.S.C. § 1612 applies to forfeitures under 21 U.S.C. § 881). Section 1612(a), which is similar to Rule E(9)(b), also authorizes interlocutory sales when property becomes subject to diminishing value.

    **3.**    **<u>Civil Asset Forfeiture Reform Act Of 2000</u>**

In addition to the explicit provisions above, 18 U.S.C. § 983(j), enacted as part of the Civil Asset Reform Act of 2000, also provides general authority for interlocutory sales. Section 983(j) enables courts to take any "action to...preserve the availability of property

subject to civil forfeiture." 18 U.S.C. § 983(j)(1). Interlocutory sales are intended for that very purpose – to preserve the value of property that is subject to forfeiture.

**B.    The Conditions For An Interlocutory Sale Are Present**

As described in the Affidavit of Robin Ward, attached as Exhibit 1 hereto, the basis for the motion for interlocutory sale of the Muldoon property is that the property is subject to a Deed Of Trust on which the owners, Joe William Bryant (deceased) and Thomas M. Cody, IV (missing), are in default. A non-judicial foreclosure sale is scheduled for October 26, 2006, but the Municipality of Anchorage seeks to purchase the property and avoid foreclosure. Because there is no chance that this forfeiture action will be resolved in advance of the foreclosure sale, especially due to the related criminal case now pending, it is appropriate for the Court to authorize sale of the Muldoon property with the net proceeds of the sale deposited into the Registry of the Court, United States District Court for the District of Alaska, which would constitute substitute res for disposition of the forfeiture case. These factors demonstrate the need for an interlocutory sale to preserve the value of the Muldoon property pending a determination on the government's forfeiture claims.

### III.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court order the sale of the Muldoon property on the terms and conditions set forth in the proposed order submitted herewith, which essentially orders as follows:

1.      The defendant real property located at 1301 MULDOON ROAD, ANCHORAGE, ALASKA 99504, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, more particularly described as Tract B, Muldoon Estates, according to the official plat thereof, filed under Plat Number 71-113, Records of the Anchorage Recording District, Third Judicial District, State of Alaska ("the Muldoon property"), shall be sold by Cody and Bryant to the Municipality of Anchorage for $5 million.

2.      Any and all administrative costs of the sale of the Muldoon property shall be paid and satisfied from the gross proceeds of the sale.

3.      Any and all liens, judgments or other claims specified by the Order shall be satisfied from the gross proceeds of the sale including the AGI lien and related costs and fees recoverable under the deed of trust, delinquent municipal real property taxes, and certain survey costs. The claims of Smith and Noble will be carried forward against the substitute res (net proceeds) and adjudicated, as to validity and amount, after discovery is had and in conjunction with the forfeitability of the substitute res.

4.      The remaining net proceeds of the sale of the Muldoon property shall be deposited into an interest-bearing account in the Registry of the Court, United States District Court for the District of Alaska, and shall be substituted as the first defendant in this action.

5.	Each party shall bear its own costs and fees, including attorney's fees, incurred in any stage of this proceeding, other than those recognized above.

Respectfully submitted this 20th day of October, 2006 in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/ James Barkeley
        JAMES BARKELEY
        Assistant U. S. Attorney
        Federal Building & U.S. Courthouse
        222 W. 7th Avenue, #9, Rm. C-253
        Anchorage, AK  99513-7567
        Phone: (907) 271-3699
        Fax: (907) 271-1500
        Email: jim.barkeley@usdoj.gov
        Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion and supporting Memorandum were served electronically, or via U.S. Mail/facsimile if designated below, this 20th day of October, 2006, on:

Leroy E. DeVeaux, Counsel for Alaska Greenhouses (via facsimile)
DeVeaux & Associates
701 W. 41st Avenue, Suite 201
Anchorage, AK 9903-6604
Fax: 565-2933

Robert P. Owens
MOA–Department of Law
P.O. Box 196650
Anchorage, AK 99519-6650

John R. Beard, Counsel for FNBA
425 G Street, Suite 630
Anchorage, AK 99501

Robert H. Schmidt, Counsel for David Faulk
Groh Eggers, LLC
3201 C Street, Suite 400
Anchorage, AK 99503-3967

Charles G. Evans, Counsel for Don Smith
Law Offices of Charles G. Evans
1351 Huffman Road, Suite 201
Anchorage, AK 99515

William Sherman, Counsel for Nada Mortenson & Thomas Cody IV Conservatorship
645 G Street, Suite 100
Anchorage, AK 99501

David Bundy, Counsel for Kelly Bryant
Allen N. Dayan & Associates
701 W. 4th Avenue, Suite 230
Anchorage, AK 99501

Gary D. De Pue  (served via U.S. Mail)
1625 E. 64th Avenue, #16
Anchorage, AK 99507

John W. & Luella Sutherland  (served via U.S. Mail)
P.O. Box 671950
Chugiak, AK 99567

s/James Barkeley