LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA )
        Plaintiff, )
v. )
 )
Three Pieces of Real Property )
located at 1301 Muldoon Road et al. )
        Defendants, )
_____ )

Case No.: 3: 06-CV-118-RRB

### REPLY TO THE UNITED STATES OPPOSITION TO ALASKA GREENHOUSES, INC. MOTION FOR SUMMARY JUDGMENT ~~AND OPPOSITION TO THE UNITED STATES MOTION TO EXPEDITE FORECLOSURE SET FOR THE STATE OF FORECLOSURE OF THE MULDOON PROPERTY~~

COMES NOW the claimant and intervnor Alaska Greenhouses, Inc hereinafter Greenhouses, and by and through its attorney of record LeRoy E. DeVeaux, Esq. of DeVeaux and Associates, A.P.C., and for its Reply to the United States Opposition to Greenhouses Motion for Summary Judgment and it's Opposition to the Untied States Motion to Stay the Foreclosure and for additional time under Rule 56 (f) of the F.R.C.P. states as follows:

### PRELIMINARY MATTERS

The following list of preliminary things that the court should be aware of

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

1. The United States filed its complaint five (5) months ago on May 18, 2006, and did not serve Greenhouses until June 22, 2006.

2. Greenhouses on or about June 5, 2006, became aware, prior to being served, that the Federal Government was attempting, attempted or did file a *lis pendens* which was affecting the mortgagers sale to the City of Anchorage. Greenhouses immediately filed on June 12, 2006, its Motion to Intervene.

3. The United States on page 2 of its Motion to Allow Discovery under Civil Rule 56 (f) and page 5 of the United States Opposition to Greenhouses Motion for Summary Judgment, states that no Initial Disclosures have been made. This is completely inaccurate and incorrect. Calling the courts attention to Greenhouses Motion to Intervene and Claim Property and its Intervention Petition both dated June 12, 2006, containing affidavits of all the board members of the corporation, affidavits of the Greenhouses selling real estate agent and a signed statement dated June 1, 2006, from the mortgagers real estate agent Richard E. Noble, the Deed of Trust Note, the Deed of Trust, a complete history of the marketing and sale of the property in question, a complete list of all stock holders of Greenhouses with their addresses and the amount of shares held. (Except for one (1) John and Terry Mears whose address is presently unknown) the complete broker fee form showing the amount of the sale and how the money was disbursed. All of these pieces of evidence were filed and attached to Plaintiff's Motion to Intervene and Claim Property. In Greenhouses Memorandum in Support it's Motion for Summary Judgment dated September 12, 2006, and filed in this

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

court additional documents were provided which were the escrow and collection instructions from the 1st National Bank of Alaska. The court will note was the only entity from whom any payments were made to Greenhouses was from the 1st National Bank of Alaska. In other words all payments were from 1st National Bank of Alaska or to the escrow account from that bank and no funds were ever received cash or otherwise directly from the mortgagors.

4. In footnote 1 page 2 of the United States Opposition to Claimant Intervenor Alaska Greenhouses Motion for Summary Judgment and the United States Motion to Allow Discovery under Rule 56 (f) the United States states:

> ...Essentially the idea would be that Alaska Greenhouses (a complicated multipartner entity which is not relishing the prospect of lengthy forfeiture litigation when by every indication it was not involved in the Cody/Bryant conspiracy.)

Greenhouses is not a complicated multipartner entity it is a corporation under the laws of the State of Alaska and has 36 shareholders some of which are joint shareholders. The government should be aware of this since June 12, 2006.

5. On page 4 of the United States Opposition to Claimant Intervenor Alaska Greenhouses Motion for Summary Judgment and the United States Motion to Allow Discovery under Rule 56 (f) in paragraph 1 sentence 2 the United States argues:

> Unless the parties current negotiations result in a settlement, such relief maybe be necessary in order to protect the governments' interest (sic) in forfeiting the equity in the land owned by two deceased marijuana conspirators (Cody and Bryant), whose interest was financed in part by movant (sic) comet and subsequently optioned to the Municipality of Anchorage by Cody and Bryant.
>
> While it is true that by selling the property for roughly $1,000,000.00 down the

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 3 of 14

remainder would paid pursuant to a Deed of Trust it constituted a purchase-money mortgage Cody and Bryant are in default under the Deed of Trust because no payments have been made since February 23, 2006. Under the laws of this state and this writer strongly respects the remaining 49 other states the mortgagers are subject to the loss of the property and all the equity because the sale and contract has not been completed. All Greenhouses has ever wanted and still wants is to be paid off. Under contract law and the United States Constitution Greenhouses is entitled to. This writer believers that lawyers in general make living based on four relatively simple concepts someone involved is either greedy, subject to avarice, lust or stupidity. In the case at hand Greenhouses has not been involved in any of these concepts. It only wants to be paid what it hand a right to contractually to be paid. It would however, be involved in stupidity if it did not enforce its contractual rights to foreclose the property in which it is still owed more than one half of the sale price. It appears that the government may be subject to avarice or greed because the simple solution to this problem is to pay off Greenhouses and to do so while members of this corporation who are elderly can actually receive the benefit of their interest while they are alive. Exhibit K attached hereto.

6. The United States in its Opposition to Claimant Intervenor Alaska Greenhouses Motion for Summary Judgment and the United States Motion to Allow Discovery under Rule 56 (f) at page 5 states:

> ... and there has been absolutely no discovery allowed in the civil case. The court has not set a time period to for discovery under Rule 26.

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906 Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 4 of 14

While it is true the court hasn't set discovery schedule there has been considerable discovery given by Greenhouses to the United States and every other interested party in this matter. All the names of the shareholders have been given. Affidavits by every board member and all the members of the executive committee who were involved in this sale are proceeded as written statements, affidavits of the selling agents all the closing documents, Deeds of Trust, the Note, Notice of Default and Sale and all the documents involved in the foreclosure already been served. What pray tell else could there be. If the government has any conceivable thought that anyone of the people involved in this corporation's sale have any thing to do with the mortgagers illegal activity it has had five months to determine that. It would not affect their criminal case against other persons at all. It would only effect this arms length sale of property by Greenhouses. Has it done so? No!

7. On that same page 5 the U.S. States no Initial Disclosures have been made. Greenhouses has no other Initial Disclosures except what has all ready been provided. What has been provided is not only initial it's everything!

8. Again on page 5 the second paragraph the government states that the Greenhouses Motion should denied without prejudice for refilling until a the government has had a reasonable opportunity to obtain discovery, from not only movant, but the estates of Cody, Bryant, and municipality of Anchorage and others who have evidence going to the **"ultimate issue"**; the forfeitablity (sic) of the property itself." *Emphasis added.* The governments own memorandum seems to indicate that the government understands

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906 Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 5 of 14

and believes and maybe even knows that Greenhouses as an innocent owner under the statute. United States Opposition in footnote 1 on page 2 under contract law Greenhouses either gets paid according to tenure of its contract or takes the property back at a foreclosure sale, turns it over to a bidder who bids above the offset bid of Greenhouses, or before that sale a junior lien holder cures the default. *Young v. Embley* ___P.3d_____(Alaska 2006), Supreme Court slip opinion number 6042 (September 8, 2006.) Greenhouses is entitled under contract law to be either paid or to foreclose and sell that property to the highest bidder. The sale date is October 26, 2006. There is presented no evidence or even a hint that Greenhouses has done anything improper or has been involved in any activity which violates any law of the United States or the State of Alaska.

9. The United States on page 3 of their Opposition to Claimant Intervenor Alaska Greenhouses Motion for Summary Judgment and the United States Motion to Allow Discovery Under Rule 56 (f) states:

> Apparently, movant simply to be assured that its lien will be paid-which it will be, if and when the property is sold by the government.

That is not exactly correct Greenhouses is entitled to be paid according to its contract, not if and when the government sees fit or gets around to it. The shareholders of Greenhouses are entitled to close this corporation and dispense the funds so they can enjoy the proceeds of their investment such as they are. The shareholders don't want assurances they went to be paid.

10. Further on page 5 of the United States Opposition to Claimant Intervenor Alaska

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906 Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 6 of 14

Greenhouses Motion for Summary Judgment and the United States Motion to Allow Discovery under Rule 56 (f) the government states:

> This is an *in pern* action, in which the property is allegedly forfeitable because it was bought with proceed's of and/or was used for drug trafficking. Greenhouses received its original roughly $1,000,000.00 from the 1st National

Bank of Alaska. The evidence indicate's that was a loan from the 1st National Bank of Alaska to the purchasers secured by other property and that is all Greenhouses knows about the purchase of this property.

11. A Justice of the United States Supreme Court in words more elegant than this poor writer could construct stated and I quote:

> Justice delayed is justice denied.

The shareholders of Greenhouses are entitled to the justice and fruits of the sale of their businesses assets. The proceeds of that sale now not at some time when the United States Department of Justice gets around to it. The U.S. Attorney's Office for the District of Alaska has been at it for some five months. How much longer must these citizens wait. Mr. Barkely Assistant U.S. Attorney at a meeting of many of the interested party's to on August 1st, 2006 appeared to indicate it would take a couple of years. A couple of years for many of these shareholders is far to long. Exhibit K attached hereto.

12. No affidavits have been filed by any other party to this action nor any documentary evidence save and except by Greenhouses.

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906 Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 7 of 14

## MEMORANDUM OF LAW

The United States is attempting in its Opposition to Greenhouses Summary Judgment Motion and it's Motion to stay both the decision on Summary Judgment by this court and the foreclosure set for October 26, 2006. Rule 56 (f) of the F.R.C.P., states as follows:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56 (f) of F.R.C.P. requires a person opposing Summary Judgment to provide affidavit's making certain showings.

> **Affidavit Requirement**
> Some courts will not consider a Rule 56(f) request unless it is accompanied by a sworn affidavit. Other courts, in appropriate circumstances, will excuse the failure to submit a formal affidavit where all other information has been supplied. In any event, every request under Rules 56(f) must specifically seek that the court defer ruling on the then-pending summary judgment motion until further discovery is completed.
>
> ...
>
> **Prerequisites for Postponing Summary Judgment**
> Relief under this Rule does not come automatically. Before the courts will postpone a summary judgment ruling pending further discovery, the courts will generally require a Rule 56(f) movant to make three showings: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier. Although the affidavit (or, where permitted, a non-affidavit submission) need not contain evidentiary facts, the showing made in the affidavit must be specific---vague or badly conclusory statements will not suffice. Moreover, the affidavit containing these showings must be authoritative (that is, it must be taken by someone with first-hand knowledge of the

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 8 of 14

statements made). *Baicker-McKee Janssen Corr Federal Civil Rules Handbook 2006* pages 927, 928, 929.

No affidavit has been supplied as required. No description of the particular discovery that the United States intends to seek. There is no explanation how any particular discovery would preclude this court from granting summary judgment to Greenhouses and there is no statement by anyone in the United States District Attorney's Office as to why the Justice Department couldn't have gotten the discovery regarding Greenhouses in the last five months. The government concedes in its documents filed with this court that Greenhouses is an innocent party and entitled to be paid. Summary Judgment clearly should be granted. Greenhouses Motion is well taken.

## THE CASES

The United States cites the *United States v. Real Property at 2659 Round Hill Drive et al.*, 194 F.3d 1020 (9th Cir. 1999) commonly referred to as Round Hill 1 or; *United States v. Real Property at 2659 Round Hill Drive et al.*, 283 F.3d 1146 (9th Cir. 2001) commonly referred to as Round Hill 2. The United States at the case at hand has not seized the property, arrested the property, it has only filed a Complaint alleging it may at sometime to seize the property. The United States filed an Application for a Writ of Entry for Inspection dated the May 18, 2006, wherein on page 2, states that "it is not seeking authorization to seize or arrest the property." The United States has only filed a *lis pendens* Round Hill1 states what every lawyer involved in civil real estate cases understands:

A notice of *lis pendens* imparts constructive knowledge that the property at issue

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 9 of 14

is the subject of a lawsuit.

That is all a *lis pendens* does. It gives notice that there is an issue regarding the property in question that may affect its ownership. In Alaska *lis pendens* is governed by AS 09.45.940 and such constructive notice in Alaska law does not effect the interest or rights of a purchase-money mortgagee.

> From the time of recording the notice, a purchaser, holder of a contract or option to purchase, or encumbrancer of the property affected has constructed notice of the pendency of the action and of its pendency against parties designated by their real names. AS 09.45.940

The court in Round Hill 1 held that jurisdiction attached and remained attached to proceeds of the property after a foreclosure sale when the sale and purchase price was greater than the amount owed the mortgagee. Greenhouses does not argue opposite the position of the 9th Circuit. After a closure if the sale price is greater than the offset bid for the total amount owed Greenhouses, Greenhouses would interplead all the excess funds to the United States Court for the District of Alaska.

The United States also appears to hold that Round Hill 1 in footnote 6 beginning on page 125 that 28 U.S.C. § 2409 a (b) precludes purchase-money mortgagees from foreclosing on the property. It should be noted by the court that the government in Round Hill 1 states:

> That, since it never actually 'seized' the property but merely 'arrested' it, it had no right to prevent World from foreclosing.

This appears to be the opposite of the United States' position in this matter. In any event footnote 6 cites several cases by District Courts holding that 28 U.S.C. § 2409 a

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

(b) precludes mortgagees from foreclosing. However, it also cites the 1st Circuit Court Appeals in the case of the *Newport Savings and Loans Association v. United States* 928 F.2d 472, 477 to 479 (1st Cir. 1991) who finds that argument unpersuasive. In the *Newport Savings and Loans Association v. United States* had in fact seized 2 pieces of real property not just filed a *lis pendens*.

In Round Hill 2 which is really a case involving the Equal Access to Justice Act found in 28 U.S.C. § 2412 (d)(1)(A) requiring the government to pay attorney fees when the governments position in continued pursuit of forfeiture against an purchaser of mortgagee's foreclosure sale was not substantially justified and therefore the Federal Government would be forced to pay attorney fees. At this time Round Hill 2 is not an issue in this matter.

It respectfully submitted that Round Hill 1 and 2 and *Newport Savings and Loans Association v. The United States* supra supports not the governments position but Greenhouses. The easiest and most affective way for the government to persevere its alleged rights to the increased value of this property is for the United States or some other party to cure by paying off the interest of the purchase-money mortgagee Greenhouses.

## CONCLUSION

It is respectfully submitted that the United States Motion in Opposition to Summary Judgment should be denied and Summary Judgment should be granted. That the United States Motion to Stay the Foreclosure be denied and that the foreclosure

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906  Facsimile (907) 565-2933*

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 11 of 14

continue unless the default of the purchase-money mortgagees Deed of Trust and Note is cured or that at the foreclosure sale that any purchase in excess of the entire amount owed Greenhouses be impled to the registry of the United States District Court for the District of Alaska.

DATED this 20th day of Oct, 2006.

DeVEAUX AND ASSOCIATES, APC

BY: _____
LeRoy E. DeVeaux, Esq.
Alaska Bar No.7310040
Attorney for Alaska Greenhouses, Inc.

**CERTIFICATE OF SERVICE:**
I hereby certify that on the 23 day of October, 2006, a true and correct copy of the foregoing was hand delivered by messenger to the following:

Kelly Bryant Personal Representative
of the Estate of Joe W. Bryant
c/o Kenneth Kirk and Associates
425 G. Street, Suite 204
Anchorage, Alaska 99501

Charles G. Evans, Esq.
Law Offices of Charles G. Evans
12350 Industry Way, Suite 203
Anchorage, Alaska 99515
Attorney for Don L. Smith

Pamela J. DePue and Gary D. DePue
4110 McLean Place
Anchorage, Alaska 99504

Richard E. Noble
275 S. Hoyt Street
Anchorage, Alaska 99508

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 12 of 14

John R. Beard, Esq.
Attorney for the First National Bank Alaska
1st National Bank Alaska
425 G Street, Suite 630
Anchorage, Alaska 99501

David H. Bundy, PC
3201 C St., Suite 301
Anchorage, AK 99503

Frank V. Russo, Esq.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Ave., #9, Room 253
Anchorage, AK 99513-7567

Assistant U.S. Attorney James Barkeley
Federal Building & U.S. Courthouse
222 W. 7th Ave., #9, Room 253
Anchorage, AK 99513-7567

Volunteers of America Alaska
1675 C Street
Anchorage, AK 99503

Robert H. Schmidt, Counsel for David Faulk
Groh Eggers, LLC
3201 C Street, Suite 400
Anchorage, AK 99503-3967

Robert P. Owens, Esq.
Assistant Municipality Attorney
Municipality of Anchorage
Department of Law, Civil Div.
632 W. 6th Ave., Suite 730
Anchorage, Alaska 99519-6650

William Sherman
counsel for Nada Mortenson,
Conservator of Estate of
Thomas Michael Cody IV
645 G Street, Suite 100 # 856
Anchorage, AK 99501

*/s/ Katherine A. DeVeaux*
Katherine A. DeVeaux

**CERTIFICATE OF SERVICE:**
I hereby certify that on the 23 day of October, 2006, a true and correct copy of the foregoing was mailed by certified return receipt requested U.S. mail to the following:

Department of Revenue
State of Alaska
P.O. Box SR
Juneau, AK 99811

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 13 of 14

*LeRoy E. DeVeaux, Esq.*
*DeVeaux and Associates APC*
*701 West 41st Avenue, Suite 201*
*Anchorage, Alaska 99503-6604*
*Telephone (907)565-2906   Facsimile (907) 565-2933*

Department of Labor
State of Alaska
P.O. Box 1149
Juneau, AK 99811

John W. & Luella Sutherland
P.O. Box 671850
Chugiak, AK 99567

District Director
ATTN: Chief, Special Procedures Staff
Internal Revenue Service
P.O. Box 1500
Anchorage, AK 99510

*Katherine A. DeVeaux*
Katherine A. DeVeaux

LeRoy E. DeVeaux, Esq.
DeVeaux and Associates APC
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503-6604
Telephone (907)565-2906  Facsimile (907) 565-2933

United States of America Plaintiff v. Three Pieces of Real Property
Case No. 3106-CV-118-RRB
Page 14 of 14